CODD v WAYNE COUNTY

Docket No. 158565. Submitted January 4, 1995, at Detroit. Decided
April 21, 1995, at 10:25 A.M.

David and Debbie Codd brought an action in the Wayne Circuit
Court against Wayne County and others, seeking damages for
injuries sustained by David, an airline employee, when he
slipped and fell while pulling a baggage cart in a lot at Detroit
Metropolitan Airport and alleging negligence by the county in
its failure to design, build, operate, and maintain the premises
of the airport in a reasonably safe manner. The plaintiffs
further alleged public nuisance and nuisance per se. The trial
court, Roland L. Olzark, J., granted summary disposition for
the county on the basis of governmental immunity. The plain-
tiffs appealed, claiming that the trial court erred in determin-
ing that the county's maintenance and operation of the airport
does not fall within the proprietary function exception to
governmental immunity.

The Court of Appeals held:

1. For the purpose of the governmental immunity statute, a
proprietary function is any activity that is conducted primarily
for the purpose of producing a pecuniary profit for a govern-
mental unit and excludes any activity normally supported by
taxes or fees. Nothing in the plaintiffs' pleadings alleges or
establishes facts showing that the defendant's operation of the
airport is primarily to make a pecuniary profit. Further, the
plaintiffs are unable to allege facts showing that the defen-
dant's operation of the airport normally is not supported by
taxes and fees. Accordingly, the trial court properly granted
summary disposition for the county on the basis of governmen-
tal immunity.

2. Although the trial court did not permit the plaintiffs to file
an amended complaint to allege that the county's operation of
the airport constituted a proprietary function, it did permit the
plaintiffs to file a brief concerning that question and considered
that question at a motion hearing. Accordingly, the record does
not support the plaintiffs' claim that the court was patently
unfair to them.

Affirmed.

*Sachs, Waldman, O'Hare, Helveston, Hodges & Barnes, P.C.* (by *Gregory M. Janks*), for the plaintiffs.

*Plunkett & Cooney, P.C.* (by *Christine D. Oldani*), for the defendant.

Before: JANSEN, P.J., and MICHAEL J. KELLY and HOOD, JJ.

PER CURIAM. On February 15, 1991, plaintiff David Codd, an employee of United Airlines, Inc., slipped and fell while pulling a baggage cart in a lot at Detroit Metropolitan Airport. Plaintiffs filed the present action in the Wayne Circuit Court, alleging negligence against defendant Wayne County in its failure to design, build, operate, and maintain the premises of the airport in a reasonably safe manner. Plaintiffs subsequently amended their complaint to claim public nuisance and nuisance per se. The trial court granted the county's motion for summary disposition on the basis of governmental immunity pursuant to MCR 2.116(C)(7). We affirm.

Plaintiffs claim that the trial court erred in determining that the county's maintenance and operation of the airport does not fall within the proprietary function exception to governmental immunity. MCL 691.1413; MSA 3.996(113). We disagree.

When reviewing the grant of a motion for summary disposition on the ground that the claim is barred by governmental immunity, we consider all documentary evidence submitted by the parties. All well-pleaded allegations are accepted as true and construed in favor of the nonmoving party. To survive a motion for summary disposition, the plaintiff must allege facts warranting the applica-

tion of an exception to governmental immunity. *Wade v Dep't of Corrections,* 439 Mich 158, 163; 483 NW2d 676 (1992).

MCL 691.1407; MSA 3.996(107) provides in pertinent part:

> (1) Except as otherwise provided in this act, all governmental agencies shall be immune from tort liability in all cases wherein the governmental agency is engaged in the exercise or discharge of a governmental function.

MCL 691.1401(f); MSA 3.996(101)(f) provides:

> "Governmental function" is an activity which is expressly or impliedly mandated or authorized by constitution, statute, local charter or ordinance, or other law.

The acquisition, operation, and maintenance of airports by political subdivisions is expressly authorized by the Legislature. See MCL 259.126; MSA 10.226. Therefore, the operation of Detroit Metropolitan Airport by defendant Wayne County constitutes a governmental function. MCL 691.1401(f); MSA 3.996(101)(f), MCL 259.126; MSA 10.226, MCL 259.132; MSA 10.232.

However, plaintiffs argue that the operation of the airport falls within the proprietary exception to governmental immunity. MCL 691.1413; MSA 3.996(113). We disagree. The Legislature defined "proprietary function" in § 13 of the act as follows:

> Proprietary function shall mean any activity which is conducted primarily for the purpose of producing a pecuniary profit for the government agency, excluding, however, any activity normally supported by taxes or fees.

In *Hyde v Univ of Michigan Bd of Regents,* 426

Mich 223, 257-258; 393 NW2d 847 (1986), the Court held that to be a proprietary function under § 13, an activity must (1) be conducted primarily for the purpose of producing a pecuniary profit *and* (2) not normally be supported by taxes or fees. Whether an activity actually produces a profit is not dispositive. *Id.* An agency may conduct an activity on a self-sustaining basis without being subject to tort liability. *Id.* The depositing of the profit in a general fund or the use of the profit to finance unrelated functions may indicate the pecuniary motive. However, the use of the revenue only to pay current and long-range expenses may indicate a nonpecuniary purpose. See also *Adams v Sylvan Glynn Golf Course,* 197 Mich App 95, 97-98; 494 NW2d 791 (1992); *Totsky v Henry Ford Hosp,* 169 Mich App 286, 290-291; 425 NW2d 531 (1988); *Taylor v Detroit,* 182 Mich App 583, 587; 452 NW2d 826 (1989).

The documentary evidence presented in this case indicates that Detroit Metropolitan Airport is not operated for the purpose of producing a pecuniary profit and normally is supported by taxes and fees. An affidavit from Robert Braun, the Director of Airports for the County of Wayne, provides that the airport normally is supported by taxes and fees and that a landing fee is assessed against each airline flying into the airport. All landing fees, together with all other revenue from airport tenants and concessionaires, are used solely for the operation of the airport. The affidavit further provides that no surplus of funds is distributed as profit. To the contrary, if there is any surplus, airlines receive a credit against their next billing. Braun's affidavit also states that the purpose of the airport is to provide air transportation to the public so as to promote commerce within the state.

Plaintiffs presented the report and deposition testimony of a certified public account who concluded that defendant's operation of the airport is "proprietary in nature." Plaintiffs' expert stated that "[t]he county's $10,000,000 investment likely paid off handsomely." These allegations do not allege facts showing that the county's operation of the airport is primarily to make a pecuniary profit, as required by *Hyde, supra.* Even assuming arguendo that a question of fact existed concerning whether the county's operation of the airport is primarily for the purpose of producing a pecuniary profit, summary disposition properly was granted because plaintiffs cannot allege facts sufficient to satisfy the second prong of the *Hyde* test, namely, that the county's operation of the airport normally is not supported by taxes and fees.

Next, contrary to plaintiffs' claim, the trial court did not abuse its discretion by implicitly denying plaintiffs' motion to amend their complaint to allege that the county's operation of the airport constituted a proprietary function. The record reveals that the trial court, in lieu of requiring plaintiffs to file formally an amended complaint, allowed the parties to present supplemental briefs concerning the issue of proprietary function exception. This issue was considered at the motion hearing on April 2, 1992. Likewise, the record does not support plaintiffs' claim that the trial court was patently unfair to them.

Affirmed.