YALDO v NORTH POINTE INSURANCE COMPANY

Docket No. 184105. Submitted June 5, 1996, at Detroit. Decided July 23, 1996, at 9:00 A.M. Leave to appeal sought.

Isam Yaldo brought an action in the Wayne Circuit Court against North Pointe Insurance Company, alleging, among other claims, breach of a contract of fire insurance following the defendant's rejection of a loss claim filed by the plaintiff. The court, Kaye Tertzag, J., granted partial summary disposition for the plaintiff with regard to the breach of contract claim. The Court of Appeals, in an unpublished order, entered May 2, 1994 (Docket No. 159141), affirmed the grant of partial summary disposition. The parties stipulated the amount of damages and agreed that taxable costs and interest would be awarded to the plaintiff. Upon the plaintiff's motion for a determination of the rate of interest to be applied to the judgment, the court determined that interest would be at twelve percent, compounded annually, as provided in MCL 600.6013(5); MSA 27A.6013(5) for judgments rendered on written instruments. The defendant appealed, arguing that judgment was not rendered on a written instrument and that interest should be at one percent plus the average interest rate paid at auctions of five-year United States treasury notes as certified by the state treasurer, as provided in MCL 600.6013(6); MSA 27A.6013(6) for money judgments recovered in civil actions.

The Court of Appeals held:

1. An insurance policy is a written instrument, and a judgment rendered in an action on an insurance policy is a judgment rendered on a written instrument.

2. Construing an insurance policy as a written instrument for purposes of MCL 600.6013(5); MSA 27A.6013(5) does not render meaningless the provision of the Uniform Trade Practices Act that provides for a penalty of twelve percent interest against an insurer that fails to pay a claim on a timely basis, MCL 500.2006(4); MSA 24.12006(4). Interest starts accruing under these statutes on different dates.

3. The assessment on defendants in contract actions of a judgment interest rate that is higher than that assessed on defendants in tort actions does not violate the Equal Protection Clause of the

Michigan Constitution, Const 1963, art 1 § 2. Equal protection does not require that persons in different circumstances be treated the same.

Affirmed.

INTEREST — JUDGMENTS — ACTIONS ON INSURANCE CONTRACTS.

A judgment rendered in an action for breach of a written contract of insurance is a judgment rendered on a written instrument; interest on such a judgment is to be awarded as provided in MCL 600.6013(5); MSA 27A.6013(5).

*Weinbaum & Abbo, P.C.* (by *Peter Abbo*) and *Sommers, Schwartz, Silver & Schwartz, P.C.* (by *Carl B. Downing*), for the plaintiff.

*Klemanski and Honeyman, P.C.* (by *John D. Honeyman*), for the defendant.

Before: CAVANAGH, P.J., and HOOD and J. J. McDONALD,* JJ.

PER CURIAM. Defendant appeals as of right the circuit court's order setting judgment interest at twelve percent pursuant to MCL 600.6013(5); MSA 27A.6013 (5). We affirm.

Plaintiff's complaint against defendant alleged that defendant issued to plaintiff a policy insuring a building and its contents. Plaintiff alleged that on August 28, 1990, a fire occurred at the building, resulting in substantial damage to the premises. Plaintiff submitted proof of loss and a claim for benefits, but defendant refused to pay, thereby breaching the insurance contract.

The trial court entered an order granting partial summary disposition in favor of plaintiff with regard to the issue of liability. Defendant appealed, and this

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Court affirmed the grant of partial summary disposition in an unpublished order, entered May 2, 1994 (Docket No. 159141). Defendant requested, but was denied, a rehearing. The parties stipulated damages in the amount of $176,750, and agreed that taxable costs and interest would be added and included in the judgment.

Plaintiff then brought a motion in the circuit court to determine the rate of interest to be applied to the judgment. Plaintiff contended that the fire insurance policy was a written instrument and that MCL 600.6013(5); MSA 27A.6013(5) provides for a twelve percent rate of interest when the judgment is based on a written instrument. Defendant argued that an insurance policy is not a written instrument under the Uniform Commercial Code (UCC) and therefore the rate of interest should be calculated pursuant to MCL 600.6013(6); MSA 27A.6013(6). Defendant claimed that MCL 600.6013(6); MSA 27A.6013(6) provides that the interest rate for all other civil actions is one percent plus the average interest rate. The trial court entered an order that set the interest rate at twelve percent compounded annually as provided in MCL 600.6013(5); MSA 27A.6013(5).

On appeal, defendant challenges the trial court's award of twelve percent interest under MCL 600.6013(5); MSA 27A.6013(5) rather than the rate in MCL 600.6013(6); MSA 27A.6013(6), arguing that the insurance policy was not a "written instrument." We disagree. The determination of which statutory provision applies in a given action is a purely legal question to be resolved by statutory interpretation. *Old Orchard By the Bay Associates v Hamilton Mutual Ins Co*, 434 Mich 244, 251; 454 NW2d 73 (1990).

MCL 600.6013; MSA 27A.6013, in part, provides:

> (5) For complaints filed on or after January 1, 1987, if a judgment is rendered on a written instrument, interest shall be calculated from the date of filing the complaint to the date of satisfaction of the judgment at the rate of 12% per year compounded annually, unless the instrument has a higher rate of interest. In that case interest shall be calculated at the rate specified in the instrument if the rate was legal at the time the instrument was executed. The rate shall not exceed 13% per year compounded annually after the date judgment is entered.

> (6) Except as otherwise provided in subsection (5) and subject to subsection (11), for complaints filed on or after January 1, 1987, interest on a money judgment recovered in a civil action shall be calculated at 6-month intervals from the date of filing the complaint at a rate of interest that is equal to 1% plus the average interest rate paid at auctions of 5-year United States treasury notes during the 6 months immediately preceding July 1 and January 1, as certified by the state treasurer, and compounded annually, pursuant to this section.

The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature. *Indenbaum v Michigan Bd of Medicine (After Remand)*, 213 Mich App 263, 271; 539 NW2d 574 (1995); *Farrington v Total Petroleum, Inc*, 442 Mich 201, 212; 501 NW2d 76 (1993). The first criterion in determining intent is the specific language of the statute. *Indenbaum, supra.* The Legislature is presumed to have intended the meaning it plainly expressed. *Id.* Courts may not speculate regarding the probable intent of the Legislature beyond the words expressed in the statute. If the plain and ordinary meaning of the language is clear, judicial construction is normally neither necessary nor permitted. *Id.* If

reasonable minds can differ regarding the meaning of a statute, judicial construction is appropriate. *Id.*

Unless defined in the statute, every word or phrase of a statute should be construed and understood according to the common and approved usage of the language, taking into account the context in which the words are used. MCL 8.3a; MSA 2.212(1); *In re Public Service Comm's Determination Regarding Coin-Operated Telephones, Direct-Inward Dialing, & Touchtone Service, No 2,* 204 Mich App 350, 353; 514 NW2d 775 (1994). When, as in this case, words are not defined in the statute, a court may consult dictionary definitions. *Dedes v Asch,* 446 Mich 99, 105; 521 NW2d 488 (1994); *Indenbaum, supra.*

We initially note that defendant's argument that this Court should look to the UCC for the definition of written instrument is without merit. The UCC is not contained in the same statutory chapter, it does not address the same subject matter, and MCL 600.6013; MSA 27A.6013 does not make reference to the UCC as a definition guideline.

In any event, Black's Law Dictionary (6th ed), p 1110, defines "written instrument" as "something reduced to writing as a means of evidence, as the means of giving formal expression to some act or contract." "Written" is defined as "expressed in writing." *The Random House College Dictionary, Revised Edition,* p 1251 (1984). "Instrument" is defined as "a formal legal document, as a contract, deed or grant." *Id.,* p 691.

On the basis of these definitions, we find that an insurance policy or contract is clearly a written instrument. It is, in essence, a contract, reduced to writing, which evidences the formal agreement

between the parties. We also note that in *O-So Detroit, Inc v Home Ins Co*, 973 F2d 498, 504-505 (CA 6, 1992), the Sixth Circuit Court of Appeals examined Michigan law on the subject and interpreted MCL 600.6013(5); MSA 27A.6013(5) to include insurance policies. We agree with that interpretation and therefore conclude that the trial court properly applied MCL 600.6013(5); MSA 27A.6013(5) and determined that the proper interest rate was twelve percent.

Defendant further argues that the trial court's ruling renders meaningless the provision of the Uniform Trade Practices Act that provides for twelve percent penalty interest against an insurer who fails to pay a claim on a timely basis. MCL 500.2006(4); MSA 24.12006(4). Again, we disagree. MCL 500.2006(4); MSA 24.12006(4) provides for interest from a date sixty days after satisfactory proof of loss was received by the insurer. Whereas, MCL 600.6013(5); MSA 27A.6013(5) provides for a twelve percent rate of interest from the date of filing the complaint. The two provisions do not completely overlap and MCL 500.2006(4); MSA 24.12006(4) provides for a longer period of interest. Even if the penalty interest is offset by the interest under MCL 600.6013(5); MSA 27A.6013(5), the penalty interest will generally be greater because it goes back to an earlier date. See *McCahill v Commercial Union Ins Co*, 179 Mich App 761, 779-780; 446 NW2d 579 (1989). Therefore, although the two provisions provide similar redress, they do not render each other meaningless.[1]

---

[1] Even if MCL 600.6013(5); MSA 27A.6013(5) did not apply, it appears that MCL 500.2006(4); MSA 24.12006(4) would apply because defendant failed to timely pay under the terms of the insurance contract. Therefore, the trial court's determination that the interest rate on the judgment

Next, defendant contends that the trial court's interpretation of the judgment interest statute, MCL 600.6013(5); MSA 27A.6013(5), violated the Equal Protection Clause of the Michigan Constitution, Const 1963, art I, § 2, because the court's interpretation created an irrational classification that imposes a higher penalty upon contract defendants as opposed to tort defendants. Constitutional issues are questions of law. Issues of law are reviewed de novo on appeal. *Duggan v Clare Co Bd of Comm'rs*, 203 Mich App 573, 575; 513 NW2d 192 (1994).

The equal protection guarantees of the Michigan Constitution ensure that people under similar circumstances will be treated alike. *Hauser v Reilly*, 212 Mich App 184, 189; 536 NW2d 865 (1995). Equal protection does not require that persons under different circumstances be treated the same. *Id.* Under traditional equal protection analysis, a statute must be sustained if the classification is rationally related to a legitimate governmental interest. *Doe v Dep't of Social Services*, 439 Mich 650, 662; 487 NW2d 166 (1992); *Bissell v Kommareddi*, 202 Mich App 578, 580; 509 NW2d 542 (1993). The constitution "is offended only if the classification rests on grounds wholly irrelevant to the achievement of the [legislative] objective." *Bissell, supra.*

The purpose of the prejudgment interest is to compensate the prevailing party for the delay in recovering money damages. *Farmers Ins Group v Lynch*, 186 Mich App 537, 538; 465 NW2d 21 (1990). We find that

---

should be twelve percent would have been proper although not based on the proper statute. This Court will not reverse the decision of a trial court where the right result is reached for the wrong reason. *Welch v District Court*, 215 Mich App 253, 256; 545 NW2d 15 (1996).

differentiating between contract actions and tort actions is logical. In a contract action, the plaintiff has a preexisting relationship with the defendant and is attempting to recover what the plaintiff is entitled to under the contract. If there is a delay in the judgment, the individual is being denied payment from the time when the breach occurred to when the judgment is finally paid. In a tort action, a plaintiff generally recovers for a tort and the recovery and redress occur simply as a result of the legal process, not as a result of a preexisting contract that bound the parties. Moreover, with regard to legal issues, including that of damages, contract actions are treated differently from tort actions. Finally, when the Legislature restored the twelve percent interest rate, it indicated that a lower rate gave "debtors an incentive to default on written instruments carrying a higher interest rate than allowed under the new rate." Senate Legislative Analyses, SB 226, May 8, 1987. Clearly, the Legislature intended to prevent a breach of contract. Accordingly, we conclude that the trial court's interpretation of MCL 600.6013(5); MSA 27A.6013(5) did not violate the Equal Protection Clause of the Michigan Constitution.

Affirmed.