USAA INSURANCE COMPANY v HOUSTON GENERAL INSURANCE
COMPANY

Docket No. 186999. Submitted September 3, 1996, at Detroit. Decided
December 10, 1996, at 9:05 A.M. Leave to appeal sought.

USAA Insurance Company brought an action in the Wayne Circuit
Court against Houston General Insurance Company and Charles
and Donna Miller, seeking a declaration regarding which insurer
had priority for payment of no-fault insurance benefits to Donna
Miller, who was injured in an accident at the Detroit Metropolitan
Wayne County Airport while a passenger on a shuttle bus operated
by Commuter Transportation Company under an agreement
between Commuter and the county. USAA was the no-fault insurer
for the Millers. Defendant Houston General Insurance Company
provided no-fault insurance to Commuter. The court, Kay Tertzag,
J., granted summary disposition for USAA. Houston General
appealed.

The Court of Appeals held:

1. The transportation service provided under contract by Com-
muter does not constitute a "government sponsored transportation
program" that, under MCL 500.3114(2)(c); MSA 24.13114(2)(c),
would make USAA primarily liable for the benefits sought by Donna
Miller.

2. The Legislature did not intend that government entities be con-
sidered "nonprofit organizations" under MCL 500.3114(2)(d); MSA
24.13114(2)(d).

3. The trial court properly granted summary disposition for USAA
on the basis of MCL 500.3114(2); MSA 24.13114(2). The shuttle bus
was neither operating under a government-sponsored transporta-
tion program nor providing a service to a nonprofit organization,
both of which are exceptions to the mandate in subsection 2 that
an injured passenger of a motor vehicle operated in the business of
transporting passengers shall receive personal protection insurance
benefits from the insurer of the motor vehicle.

Affirmed.

MURPHY, J., dissenting, stated that the Wayne County Metropolitan
Airport Authority is a nonprofit organization that clearly falls under
the term "nonprofit organization" used in MCL 500.3114(2)(d); MSA

24.13114(2)(d). The trial court's order should be reversed and the matter should be remanded for entry of a judgment for Houston General.

1. WORDS AND PHRASES — "GOVERNMENT-SPONSORED ACTIVITY."
   A government agency's payment for a service does not by itself render the service a government-sponsored activity.

2. INSURANCE — BUSINESSES TRANSPORTING PASSENGERS — WORDS AND PHRASES — "NONPROFIT ORGANIZATIONS."
   The Legislature did not intend that government entities be considered "nonprofit organizations" as that term is used in MCL 500.3114(2)(d); MSA 24.13114(2)(d).

*Law Offices of Francis A. McCarroll* (by *Francis A. McCarroll*), for USAA Insurance Company.

*Highland & Zanetti, P.C.* (by *Duncan H. Brown* and *J. R. Zanetti, Jr.*), for Houston General Insurance Company.

Before: CAVANAGH, P.J., and MURPHY and C. W. Simon, Jr.,* JJ.

CAVANAGH, P.J. Houston General Insurance Company (hereafter defendant) appeals as of right the trial court order granting plaintiff's motion for summary disposition and denying defendant's motion for summary disposition. We affirm.

In 1986, Commuter Transportation Company entered into an agreement with Wayne County to provide ground transportation services at Detroit Metropolitan Wayne County Airport. On February 25, 1994, Donna Miller, who was employed as a flight attendant with Northwest Airlines, was injured when the shuttle bus on which she was traveling collided with a snowplow. At the time of the accident, plaintiff, USAA Insurance Company, was the no-fault insurance car-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

rier for defendant Donna Miller and her husband, Charles Miller. Defendant Houston had issued a policy to Commuter.

Donna Miller submitted claims to both plaintiff and defendant. On July 11, 1994, plaintiff filed a complaint for declaratory relief to determine the priority for payment of the no-fault insurance benefits. Plaintiff claimed that the shuttle was in the business of transporting passengers and, therefore, under MCL 500.3114(2); MSA 24.13114(2) defendant had priority to pay the no-fault insurance benefits. Plaintiff requested the trial court to enter an order declaring that defendant was primarily liable for payment of insurance benefits.

On May 2, 1995, plaintiff brought a motion for summary disposition pursuant to MCR 2.116(C)(8) and (10), arguing that defendant was primarily liable for the payment of no-fault benefits. On May 10, 1995, defendant filed a cross motion for summary disposition and declaratory relief. Defendant asserted that because the airport was a nonprofit organization, under MCL 500.3114(2)(d); MSA 24.13114(2)(d) defendant did not have priority for the payment of no-fault benefits. On May 19, 1995, the trial court held a hearing regarding the motions for summary disposition, at which time it indicated that it would take the matter under advisement. On June 13, 1995, the trial court entered an order granting plaintiff's motion for summary disposition and denying defendant's motion. Defendant appeals.

MCL 500.3114(2); MSA 24.13114(2) provides in pertinent part:

> A person suffering accidental bodily injury while an operator or a passenger of a motor vehicle operated in the busi-

ness of transporting passengers shall receive the personal protection insurance benefits to which the person is entitled from the insurer of the motor vehicle. This subsection shall not apply to a passenger in the following, unless that passenger is not entitled to personal protection insurance benefits under any other policy:

\*     \*     \*

(c) A bus operating under a government sponsored transportation program.

(d) A bus operated by or providing service to a nonprofit organization.

Defendant argues that Commuter does not have priority because it is both a government-sponsored transport program and it provides service to the Wayne County Metropolitan Airport Authority, a nonprofit organization. Thus, defendant asserts, under MCL 500.3114(2); MSA 24.13114(2), it is not primarily liable for Donna Miller's injuries.

Statutory interpretation is a question of law subject to review de novo on appeal. *Golf Concepts v Rochester Hills*, 217 Mich App 21, 26; 550 NW2d 803 (1996). The primary goal of statutory interpretation is to ascertain and give effect to the intent of the Legislature in enacting a provision. *Farrington v Total Petroleum, Inc*, 442 Mich 201, 212; 501 NW2d 76 (1993). Statutory language should be construed reasonably, keeping in mind the purpose of the statute. The first criterion in determining intent is the specific language of the statute. If the statutory language is clear and unambiguous, judicial construction is neither required nor permitted, and courts must apply the statute as written. *Barr v Mt Brighton Inc*, 215 Mich App 512, 516-517; 546 NW2d 273 (1996). However, if reasonable minds can differ regarding the meaning of a statute,

judicial construction is appropriate. *Yaldo v North Pointe Ins Co*, 217 Mich App 617, 620-621; 552 NW2d 657 (1996).

We first address defendant's contention that Commuter's operation at the airport constitutes a "government sponsored transportation program." Under the agreement between Commuter and Wayne County, Commuter is given the exclusive right to operate the employee shuttle bus. Commuter is to be paid a management fee of $12,500 a month. The contract contains a provision entitled "Insurance and Indemnification" wherein Commuter agrees to indemnify and hold the county harmless from liability for personal injury. This section also requires Commuter to provide a comprehensive automobile insurance policy to cover injuries sustained in the course of Commuter's operations. In addition, the agreement specifically states that the contract does not render Commuter an agent or representative of the county for any purpose and that Commuter is to provide all services as an independent contractor.

We conclude that the transportation service provided by Commuter does not constitute a "government sponsored transportation program." The contract does not place the county in the position of a sponsor. In fact, the agreement specifically states that Commuter was not thereby made an agent of the county. Rather, the county merely hired Commuter to perform a service. The county did not undertake responsibility for the operation of the shuttle service. In fact, the contract requires that Commuter indemnify the county for any potential liability and that Commuter retain its own liability insurance. We conclude that payment for a service by a government

agency is not enough to render the service a government-sponsored activity. Were that the case, any contract entered into by a government entity to obtain a service would constitute a government-sponsored program.

Defendant also argues that Commuter was providing a service to a nonprofit organization. Defendant, citing the affidavit of Richard Noelke, the manager of tenant relations at Detroit Metropolitan Wayne County Airport, contends that the airport is not operated for the purpose of providing a profit. Defendant further argues that the airport is a subdivision of Wayne County, which defendant asserts is clearly a nonprofit organization.

The statute does not define the term "nonprofit organization." If a statute fails to define a term, the term will be interpreted in accordance with the Legislature's intent and the common and approved usage of the term. *Pendzsu v Beazer East, Inc*, 219 Mich App 405, 410; 557 NW2d 127 (1996).

The operation of Detroit Metropolitan Wayne County Airport by Wayne County constitutes a governmental function. *Codd v Wayne Co*, 210 Mich App 133, 135; 537 NW2d 453 (1995); see MCL 691.1401(f); MSA 3.996(101)(f), MCL 259.126; MSA 10.226. Thus, the question presented is whether the Legislature intended that government entities be considered "nonprofit organizations" under the statute.

Courts may examine the legislative history of an act to ascertain the reason for the act and the meaning of its provisions. *In re Brzezinski*, 214 Mich App 652, 665; 542 NW2d 871 (1995). MCL 500.3114; MSA 24.13114 was amended by 1976 PA 356 for the purpose of easing the financial burden on the operators

of vehicles used in government-sponsored transportation programs or providing service to nonprofit organizations. The legislative analysis states:

> The bus operations which would be exempted under the bill are all under a severe financial burden. Common carriers, including inner-city bus companies, must pay enormous insurance premiums at a time when many of them are under a serious competitive strain. Government sponsored programs, such as the Southeastern Michigan Transportation Authority (SEMTA) and the Capital Area Transportation Authority (CATA) are already receiving public subsidies and are subject to the same large insurance premium costs. Non-profit organizations of all kinds are traditionally short of funds and would benefit greatly from being relieved of the cost of large insurance premiums. [House Legislative Analysis, HB 6448, September 27, 1976.]

After carefully considering the issue, we conclude that the Legislature did not intend that government entities be considered "nonprofit organizations" under the statute. First, we do not believe that, in its common and approved usage, the term "nonprofit organization" refers to government entities. While government entities do not exist to make a profit, they are nevertheless not in the normal course of things referred to as "nonprofit organizations."

We draw additional support for this conclusion from the fact that the Legislature used separate subsections to provide the exemptions to buses operating under government-sponsored programs and buses providing service to nonprofit organizations. We therefore infer that the Legislature did not intend "government" and "nonprofit organization" to be synonymous.

Moreover, a court must look to the object of the statute and the harm that it was designed to remedy

and apply a reasonable construction in order to accomplish the purpose of the statute. *ABC Supply Co v River Rouge*, 216 Mich App 396, 398; 549 NW2d 73 (1996). The statute was designed to spare government-sponsored transportation programs and nonprofit organizations the cost of high insurance premiums. See House Legislative Analysis, *supra*. The purpose of the statute is simply not implicated in this case. Here, the cost of the insurance was borne not by the airport or Wayne County, but by Commuter, which defendant concedes is a for-profit corporation.

In sum, we find that the shuttle bus in which Donna Miller was riding when she was injured was neither operating under a government-sponsored transportation program nor providing a service to a nonprofit organization. Accordingly, the trial court properly granted plaintiff's motion for summary disposition.

Affirmed.

C. W. Simon, Jr., J., concurred.

Murphy, J. (*dissenting*). I respectfully dissent.

Defendant Houston will not have priority, and plaintiff USAA will be primarily liable, if Donna Miller was injured while she was a passenger in a bus "providing service to a nonprofit organization." See MCL 500.3114(2)(d); MSA 24.13114(2)(d).

When construing statutory language, first and foremost, we must give effect to the Legislature's intent. *Reardon v Dep't of Mental Health*, 430 Mich 398, 407; 424 NW2d 248 (1988). If the language of the statute is clear and unambiguous, the plain meaning of the statute reflects the legislative intent and judicial construction is not permitted. *Tryc v Michigan Veterans'*

*Facility*, 451 Mich 129, 136; 545 NW2d 642 (1996). In such cases, we must simply apply the statute as written. *Turner v Auto Club Ins Ass'n*, 448 Mich 22, 27; 528 NW2d 681 (1995).

In my opinion, the language of MCL 500.3114(2)(d); MSA 24.13114(2)(d) is clear and unambiguous and therefore must be applied as written. In plain, simple terms, a "nonprofit organization" is an organization that does not, and is not intended to, produce a profit. In this case, there was evidence that Detroit Metropolitan Wayne County Airport is not operated for the purpose of producing a profit and that no surplus of funds from the airport is ever distributed as profit. Therefore, in my opinion, the Wayne County Metropolitan Airport Authority is a nonprofit organization, and Donna Miller was injured in a bus that provides service to that nonprofit organization.

The majority concludes that because the airport is government-related, it was not intended to be covered by the statute. However, because the language of the statute is clear and unambiguous, this Court must not, as the majority does, delve into the legislative history, in an attempt to ascertain the reason for the act and the meaning of its provisions. We must ascertain the legislative intent from the plain language of the statute, and that language indicates an intent on the Legislature's part not to hold the insurer of a bus primarily responsible for injuries to passengers in the bus if that bus provides a service to a nonprofit organization. The Wayne County Metropolitan Airport Authority is a nonprofit organization, and I see nothing in the language of the statute to give me reason to believe that a nonprofit organization, which happens to be government-related, should not be included in

the term "nonprofit organization." Any other result is the product of unnecessary and inappropriate judicial construction in the face of clear, statutory language.

I would reverse the trial court's grant of summary disposition for plaintiff and remand to the trial court for entry of judgment for defendant Houston.