MAYOR OF FLINT v GENESEE COUNTY CLERK

Docket No. 239402. Submitted August 19, 2003, at Detroit. Decided August 26, 2003, at 9:00 A.M.

The mayor of the city of Flint, Woodrow Stanley, brought an action in the Genesee Circuit Court against the Genesee County Clerk and the Genesee County Board of Election Commissioners, seeking declaratory and injunctive relief preventing an election for the recall of the plaintiff. The plaintiff contended that after the Flint City Clerk examined signatures on the recall petition, the city clerk failed to give the plaintiff at least eight business days in which to examine the signatures to check them on the original registration records, and that such failure constituted a violation of MCL 168.961a(2) and provides a basis for declaring the recall process invalid and for enjoining the defendants from conducting the recall election. On facts stipulated by the parties, the court, Robert M. Ransom, J., dismissed the complaint. The plaintiff appealed.

The Court of Appeals held:

1. MCL 168.961a(2) plainly states that an "officer whose recall is sought shall have not less than 8 days after the clerk has examined the signatures to check signatures on the original registration records." The term "8 days" unambiguously means eight calendar days, not eight business days. The plaintiff was allowed the eight calendar days required by subsection 961a(2).

2. In the absence of a specific direction in the recall statute, the city clerk was under no obligation to open her office for the plaintiff on the weekend days or Christmas and New Year's Day holidays that the office was closed pursuant to statute, ordinance, or resolution.

Affirmed.

ELECTIONS — RECALL — PETITION — SIGNATURES — EXAMINATION.

An elected officer whose recall has been sought, and who challenges the validity of the registration or signatures of persons who circulated or signed the recall petition, must be allowed by the clerk who examined the signatures no less than eight calendar days in which the officer can check the signatures on the original registration records (MCL 168.961a[2]).

*Fletcher, Wolf & Associates* (by *Loyst Fletcher, Jr.*) for the plaintiff.

*Richard M. Barron,* Corporation Counsel, for the defendants.

Before: ZAHRA, P.J., and TALBOT and OWENS, JJ.

ZAHRA, P.J. Plaintiff appeals by leave a February 5, 2002, circuit court order dismissing his complaint and denying his request that the recall process be declared invalid for failure to strictly comply with MCL 168.961a(2), which provides for not less than eight days to review the signature cards. The issue presented in this case is whether the term "not less than 8 days" found in MCL 168.961a(2) refers to eight calendar days or eight business days. We hold this term refers to eight calendar days. We affirm.

## I. FACTS AND PROCEDURE

On December 4, 2001, petitions were filed with the Genesee County Clerk's office seeking the recall of plaintiff, Mayor Woodrow Stanley of Flint. The petitions were provided to the office of the Clerk of the city of Flint on December 11, 2001, where the city clerk verified and certified the signatures of the petitions. The city clerk returned the petitions to the county clerk on December 26, 2001, and plaintiff was statutorily granted not less than eight days to check signatures on the original registration records.

On December 27, 2001, Harvy Phillips came into the office with various volunteers to begin review of city of Flint voter records on behalf of plaintiff. Phillips appeared with several others to check signatures on December 27, 28, 29, and 30, 2001. Although December 29, 2001, and December 30, 2001, fell on a

Saturday and Sunday, the city clerk, whose office is normally closed on weekends, opened the office for plaintiff. Inez Brown, the serving clerk for the city of Flint, notified Phillips and his volunteers that the city clerk's office would be closed on New Year's Eve (December 31) and New Year's Day (January 1) because they were city holidays. The city clerk's office also told Phillips on December 30, 2001, that he would not be able to check signatures on January 2, 2002; however, later that evening Phillips received a message from Brown stating that he could check signatures on January 2, 2002. Phillips testified that because of the delay by the city clerk's office in notifying him about the ability to check signatures on January 2, 2002, he was unable to assemble a crew in order to check signatures on that day.

On January 7, 2002, plaintiff filed a complaint against Michael J. Carr, and the county clerk and the Genesee County Board of Election Commissioners for declaratory relief, alleging that he was denied by the city clerk the eight days statutorily mandated by MCL 168.961a(2) for checking signatures. Plaintiff requested that the recall process be declared invalid for failure to strictly comply with the statutory provision that provides for not less than eight days to review the signature cards. Additionally, plaintiff requested that the court grant an injunction prohibiting the election commission from scheduling a recall election. On February 5, 2002, the trial court dismissed plaintiff's complaint with prejudice, and denied injunctive relief.[1] This appeal followed.

---

[1] Plaintiff was recalled by the electorate and on August 6, 2002, James Rutherford was elected mayor of the city of Flint to fill the vacancy.

II. ANALYSIS

Plaintiff first argues that the trial court committed clear error in deciding this case on the basis of the trial court's statutory interpretation of "business days" versus "calendar days." We disagree. We review de novo summary disposition decisions under MCR 2.116(A) and questions of statutory interpretation. *Morrison v East Lansing*, 255 Mich App 505, 517; 660 NW2d 395 (2003); *Omelenchuk v City of Warren*, 461 Mich 567, 571 n 10; 609 NW2d 177 (2000).

The purpose of statutory interpretation is to ascertain and effectuate the intent of the Legislature. *Frankenmuth Mut Ins Co v Marlette Homes, Inc*, 456 Mich 511, 515; 573 NW2d 611 (1998). "If the statutory language is clear and unambiguous, judicial construction is neither required nor permitted and courts must apply that statute as written." *Kent v Alpine Valley Ski Area, Inc*, 240 Mich App 731, 736; 613 NW2d 383 (2000). The Legislature is presumed to have intended the meaning it plainly expressed; therefore, the interpreting court should accord every statutory word or phrase its plain and ordinary meaning. *Stanton v Battle Creek*, 466 Mich 611, 617; 647 NW2d 508 (2002). "Statutory language should be construed reasonably, keeping in mind the purpose of the statute." *USAA Ins Co v Houston Gen Ins Co*, 220 Mich App 386, 389; 559 NW2d 98 (1996).

Recalls of elected officials in Michigan are governed by MCL 168.951 *et seq.* Section 961a sets forth the time allotted the officer whose recall is sought to check signatures on the original registration. MCL 168.961a provides:

(1) Not later than the business day following the filing of a recall petition, the official with whom the recall was filed

shall notify in writing the officer whose recall is sought that the recall petition has been filed.

(2) An officer whose recall is sought may challenge the validity of the registration or the validity and genuineness of the signature of a circulator or person signing the recall petition. A challenge shall be in writing, specifying the challenged signature, and should be delivered to the filing official within 30 days after the filing of the petitions. The officer whose recall is sought *shall have not less than 8 days* after the clerk has examined the signatures to check signatures on the original registration records. [Emphasis added.]

The plain language of MCL 168.961a(2) states that an "officer whose recall is sought shall have not less than 8 days after the clerk has examined the signatures to check signatures on the original registration records." The term "8 days" is an unambiguous term whose ordinary meaning is eight calendar days, i.e. eight consecutive 24-hour periods, and the Legislature does not have to reinforce the meaning of "8 days" by inserting the term "8 calendar days." *Burgo v Gen Dynamics Corp*, 122 F3d 140, 143 (CA 2, 1997). Thus, a plain reading of the statute provides that the Legislature intended "8 days" to mean "8 calendar days."

Additionally, the Legislature is presumed to understand the difference between "day" and "business day," as evidenced by the use of the term "business day" in subsection 1 and "days" in subsection 2 of MCL 168.961a. The Legislature's manifest use of both "day" and "business day" in the same statute strongly supports our interpretation of these terms. Had the Legislature intended eight business days to examine signatures it would have expressly provided for a review of not less than eight business days. *Ohio v Akron Ctr for Reproductive Health*, 497 US 502, 514;

110 S Ct 2972; 111 L Ed 2d 405 (1990). Accordingly, we hold the plain language of the statute mandated that the mayor be entitled to eight calendar days to check signatures. We further conclude that plaintiff was not denied the eight days required by MCL 168.961a, because plaintiff was not prohibited from checking signatures on any day that the clerk's office was open between December 27, 2001, and January 3, 2002.

Plaintiff further contends that the only rational interpretation of the recall act is that the clerk was "required" to open up the office for inspection by plaintiff on weekends and holidays. We disagree. This is simply a restatement of plaintiff's argument that he is entitled to eight business days to review registration records. As previously stated, had the Legislature intended to provide an officer whose recall is sought eight full days of access to the clerk's records it would have provided for a review of not less than eight business days as it had in other portions of MCL 168.961a. Further, MCL 435.101 designates legal holidays to be observed by municipal offices, which includes the first day of the week, Sunday, and January 1, New Year's Day. Moreover, MCL 435.101 does not prevent the city of Flint, acting as a local unit of government, from adding December 31, New Year's Eve, as a holiday, *Americans United for Separation of Church and State v Kent Co*, 97 Mich App 72, 75; 293 NW2d 723 (1980), and provides that "[t]he legislative body of a county or city may, by ordinance or resolution, provide for the closing of county or municipal offices for any or for all purposes on every Saturday." Consequently, holding that the clerk was "required" to open the office on a Saturday, Sunday,

or legal holiday conflicts with MCL 435.101. There-
fore, in the absence of a specific direction by the
recall statute, the clerk's office was not required to
open on Saturdays, Sundays, or legal holidays.[2]

### III. CONCLUSION

In sum, the trial court did not err in its statutory
interpretation of MCL 168.961a(2) when it held that
plaintiff had been given eight days to check signa-
tures in order to challenge the validity of the signa-
tures necessary to set a special recall election.

Affirmed.

---

[2] The Legislature, in MCL 8.6, provides how to count days under statu-
tory periods. If the ending of a statutory period falls on a weekend or holi-
day, MCL 8.6 grants an extension to the next business day. When comput-
ing a period of days, MCL 8.6 provides:

This section applies to the statutes and administrative rules. In
computing a period of days, the first day is excluded and the last
day in included. If the last day of any period or a fixed or final day
is a Saturday, Sunday or legal holiday, the period or day is
extended to included the next day which is not a Saturday, Sunday
or legal holiday.