# STATE OF MICHIGAN

# COURT OF APPEALS

JOHN DOES 11-18 and JANE DOE 1, on Behalf
of Themselves and All Others Similarly Situated,

       Plaintiffs-Appellants,

v

DEPARTMENT OF CORRECTIONS,
GOVERNOR, DANIEL H. HEYNS, and
DIRECTOR OF THE DEPARTMENT OF
CORRECTIONS,

       Defendants-Appellees.

UNPUBLISHED
June 13, 2017

No. 332182
Court of Claims
LC No. 15-000238-MZ

JOHN DOES 1-10, on Behalf of Themselves and
All Others Similarly Situated,

       Plaintiffs-Appellants,

v

DEPARTMENT OF CORRECTIONS,
GOVERNOR, DANIEL H. HEYNS, and
DIRECTOR OF THE DEPARTMENT OF
CORRECTIONS,

       Defendants-Appellees.

No. 332183
Court of Claims
LC No. 15-000239-MZ

Before: SWARTZLE, P.J., and SAAD and O'CONNELL, JJ.

PER CURIAM.

These consolidated cases involve the interpretation and application of the jurisdictional statutes of the Court of Claims Act, MCL 600.6401, *et seq.*, as amended by 2013 PA 164 and 205. In Docket No. 332183, plaintiffs John Does 1 through 10 appeal by right the Court of Claims' February 1, 2016 opinion and order denying their motion to remand to the circuit court and granting defendants summary disposition under MCR 2.116(C)(7) (action barred by governmental immunity and res judicata) on plaintiffs' claims under the Child Protection Law

-1-

(CPL), MCL 722.621 *et seq.*, and Social Welfare Act (SWA), MCL 400.1 *et seq.* In Docket No. 332182, plaintiffs John Does 12 through 18 and Jane Doe 1 appeal by right the Court of Claims' separate February 1, 2016 opinion and order denying their motion to remand this matter to the circuit court and granting the same defendants summary disposition under MCR 2.116(C)(7) (action barred by governmental immunity) on plaintiffs' CPL claim.

## I. BACKGROUND

*Background of* Does I. This litigation is back before this Court for a second time after the Michigan Supreme Court vacated this Court's decision in *John Does 1-7 v Dep't of Corrections*, 312 Mich App 97, 101; 878 NW2d 293 (2015) (*Does I*), vacated in part, lv den in part 499 Mich 886 (2016). *Does I* summarized the origins of these cases as follows:

> Plaintiffs are seven unidentified males who became imprisoned while under the age of 18 in Department of Corrections (DOC) facilities. Plaintiffs sued under the Elliott-Larsen Civil Rights Act (ELCRA), MCL 37.2101 *et seq.*, claiming that they had been subjected to sexual violence and harassment by adult male prisoners and female prison guards.

> Defendants eventually moved for summary disposition on several grounds. First, they contended that plaintiffs failed to comply with MCL 600.5507(2), a provision of the [Prisoner Litigation Reform Act (PLRA), MCL 600.5501 *et seq.*,] requiring that a prisoner filing a lawsuit concerning prison conditions disclose the number of civil actions and appeals the prisoner previously initiated.

> * * *

> Defendants also moved for summary disposition under MCR 2.116(C)(8), contending that plaintiffs failed to state a claim on which relief could be granted because the plain language of the ELCRA, as amended, provides that a "public service" does not include a state or county correctional facility with respect to prisoners. Defendants further argued that the amendment did not violate equal-protection principles.

> * * *

> The [circuit] court ultimately denied defendants' motion for summary disposition. It ruled that MCL 37.2301(b), which excluded prisons as places of public services under the ELCRA, was unconstitutional because it violated the equal protection clauses of the Michigan and United States Constitutions. [*Does I*, 312 Mich App at 101-102.]

John Does 1 through 7 appealed the circuit court's decision to this Court in *Does I*. See *id.* at 97. While *Does I* only involved John Does 1-7, plaintiffs amended their complaint to add John Does 8 through 16 during the pendency of the appellate process.

-2-

This Court then released its decision in *Does I* in August 2015; it reversed and remanded to the circuit court. *Id*. at 101. *Does I* held that John Does 1 through 7 had failed to comply with the disclosure requirements of the PLRA and, thus, their complaint should have been dismissed. *Id*. at 103-114. In this regard, the Court clarified that dismissal was mandatory and that amendment to the complaint could not cure the defect. *Does I*, 312 Mich App at 113-114. *Does I* additionally held that the provision of the ELCRA excluding prisoner lawsuits did not violate equal protection principles and that the circuit court had erred by denying all defendants summary disposition for failure to state a claim. *Id*. at 136-138.

Does I *After Remand to the Circuit Court*. After *Does I*, plaintiffs moved to file a third amended complaint, adding John Does 17 and 18 and Jane Doe 1. The motion also sought to add a claim under the CPL as to all plaintiffs, generally alleging that defendants' failure to report the alleged abuse caused plaintiffs' damages. The circuit court considered the motion at the same hearing at which it implemented the directive of *Does I*. Consistent with *Does I*, the circuit court dismissed without prejudice the claims of John Does 1 through 10 because these plaintiffs had not complied with the notice requirements of the PLRA and amendment of the complaint could not cure the defect. The circuit court otherwise granted the motion to file the third amended complaint and allowed the CPL claim of John Does 11 through 18 and Jane Doe 1 to proceed.

Thereafter, John Does 1 through 10 filed a new class action complaint, raising their original ELCRA claim for purposes of appeal to the Michigan Supreme Court, as well as asserting claims under the CPL and SWA, the latter of which imposes civil liability for failure to report child abuse or neglect. Around the same time, John Does 1 through 7 filed an application for leave to appeal *Does I* in the Supreme Court. See *Does v Michigan Dep't of Corrections*, 499 Mich 886 (2016). Shortly thereafter, all defendants moved for summary disposition in the circuit court as to all claims and all plaintiffs in both cases. The circuit court took the summary disposition matters under advisement.

Does I *Transferred to the Court of Claims*. Then, while consideration of the summary disposition motions remained pending in the circuit court, defendants in the instant matter transferred part of the litigation to the Court of Claims. Specifically, in Docket No. 332182, defendants transferred the CPL claim of John Does 11 through 18 and Jane Doe 1 from the third amended complaint; and, in Docket No. 332183, defendants transferred the CPL and SWA claims of John Does 1 through 10 from the refiled class action complaint.

Defendants then moved for summary disposition in both cases before the Court of Claims, asserting that plaintiffs' claims under the CPL and SWA were barred by governmental immunity, that plaintiffs had failed to state a claim for which relief could be granted, and that plaintiffs had failed to file a notice of intent with the Court of Claims. Defendants additionally argued in Docket No. 332183 that res judicata barred plaintiffs' CPL and SWA claims. In both cases, plaintiffs moved to remand the matter back to circuit court on the basis that jurisdiction under MCL 600.6421(1) of the Court of Claims Act was improper because plaintiffs had a right to a jury trial.

Ultimately, the Court of Claims disagreed with plaintiffs, concluding that plaintiffs had no right to a jury trial under the CPL or SWA because the statutes were silent as to whether a jury trial right existed. It followed, according to the court, that the exception in MCL

600.6421(1) did not apply and jurisdiction in the Court of Claims was proper. The Court of Claims further found that the doctrine of res judicata barred plaintiffs' claims in Docket No. 332183 because plaintiffs' claims could have been litigated in *Does I* and this Court's decision in *Does I* was a final decision on the merits. Alternatively, the Court of Claims found that governmental immunity, as well as plaintiffs' failure to file a notice of intent to bring suit in the Court of Claims, barred plaintiffs' claims against defendants. The Court of Claims entered summary disposition for defendants in both cases.

Plaintiffs filed the instant appeals in both cases, which this Court consolidated by order. *Does v MDOC*, unpublished order of the Court of Appeals, entered April 25, 2016 (Docket Nos. 332182 & 332183). In the interim, on March 30, 2016, the Supreme Court entered an order affirming *Does I* with respect to the notice requirements of the PLRA and vacating the portion of *Does I* pertaining to the ELCRA, expressing no opinion as to the merits. *Does I*, 499 Mich at 886.

## II. ANALYSIS

*The Court of Claims Had Jurisdiction Over the Actions.* On appeal, plaintiffs first argue that the Court of Claims did not have jurisdiction over the actions, and therefore erred in refusing to transfer the actions back to the circuit court, because plaintiffs had a right to a jury trial on both the CPL and SWA claims. We disagree.

This Court reviews jurisdictional questions de novo, as well as matters of statutory interpretation. *Mason Co v Dep't of Community Health*, 293 Mich App 462, 471-472; 820 NW2d 192 (2011). When interpreting statutory language, this Court's goal is to discern the Legislature's intent, the best indicator of which is the plain and ordinary meaning of the language used. *Odom v Wayne Co*, 482 Mich 459, 467; 760 NW2d 217 (2008). If statutory language is clear and unambiguous, then it must be applied as written. See *id*.

Circuit courts are courts of general jurisdiction that derive their power from the Michigan Constitution. Mich Const 1963, Art VI, § 13. "Circuit courts have original jurisdiction to hear and determine all civil claims and remedies." MCL 600.605. An exception to this general jurisdiction exists, however, "where exclusive jurisdiction is given in the constitution or by statute to some other court or where the circuit courts are denied jurisdiction by the constitution or statutes of this state." MCL 600.605.

The Court of Claims is one exception to the circuit court's general jurisdiction. The Court of Claims Act reflects the Legislature's limited waiver of the state's sovereign immunity from suit. *Greenfield Constr Co v Dep't of State Hwys*, 402 Mich 172, 195; 261 NW2d 718 (1978). Accordingly, the Court of Claims derives its authority not from the Constitution but from "the act of the Legislature and is subject to the limitations therein imposed." *Okrie v State*, 306 Mich App 445, 456; 857 NW2d 254 (2014) (internal block notation and citation omitted). The Court of Claims Act generally grants a judge, rather than a jury, the authority to determine the parties' respective rights and liabilities as to all legal and equitable claims against the State and its agencies. MCL 600.6443.

MCL 600.6419(1) generally sets forth the Court of Claims' jurisdiction and provides in relevant part:

1) Except as provided in sections 6421 and 6440[1], the jurisdiction of the court of claims, as conferred upon it by this chapter, is exclusive. . . .  Except as otherwise provided in this section, the court has the following power and jurisdiction:

(a) To hear and determine any claim or demand, statutory or constitutional, liquidated or unliquidated, ex contractu or ex delicto, or any demand for monetary, equitable, or declaratory relief or any demand for an extraordinary writ against the state or any of its departments or officers notwithstanding another law that confers jurisdiction of the case in the circuit court.

In turn, MCL 600.6421(1), as amended by 2013 PA 205 protects a party's traditional right to a jury trial, and states:

Nothing in this chapter eliminates or creates any right a party may have to a trial by jury, including any right that existed before November 12, 2013.[2]  Nothing in this chapter deprives the circuit, district, or probate court of jurisdiction to hear and determine a claim for which there is a right to a trial by jury as otherwise provided by law, including a claim against an individual employee of this state for which there is a right to a trial by jury as otherwise provided by law.  Except as otherwise provided in this section, if a party has the right to a trial by jury and asserts that right as required by law, the claim may be heard and determined by a circuit, district, or probate court in the appropriate venue.

In determining whether its jurisdiction was proper, the Court of Claims viewed the issue as "whether there exists a right to a jury trial for claims brought under the Child Protection Law and the Social Welfare Act."  The Court of Claims found that it properly had jurisdiction over the action because, in relevant part, plaintiffs had not provided the trial court with any authority that "persuasively demonstrated that a claim for civil damages related to the failure to report suspected child or vulnerable adult abuse was a claim to which a right to a jury trial existed prior to the amendments to the Court of Claims act."

On appeal, plaintiffs do not argue that the CPL or the SWA explicitly provide them with a right to a jury trial.  Rather, plaintiffs argue that, because both acts provide for civil damages, they are entitled to a jury trial against the government defendants.  The plaintiffs' argument is without merit.

---

[1] MCL 600.6440 bars jurisdiction in the Court of Claims if a remedy exists in federal court and is not applicable to this action.

[2] November 12, 2013 is the effective date of 2013 PA 164. Among other things, 2013 PA 164 broadened the jurisdiction of the Court of Claims and transferred the Court of Claims from Ingham County Circuit Court to the Court of Appeals.

In relevant part, the CPL states that "[a] person who is required by this act to report an instance of suspected child abuse or neglect and who fails to do so is civilly liable for the damages caused by the failure." MCL 722.633(1). Similarly, the SWA simply states that "[a] person required to make a report pursuant to [the SWA] who fails to do so is liable civilly for the damages proximately caused by the failure to report." MCL 400.11e(1). Both acts render law enforcement officers, along with a variety of other persons engaged in the provision of human services, mandatory reports of suspected child abuse or neglect. MCL 722.623; MCL 400.11a(1).

Plaintiffs are correct that, traditionally, actions in equity are tried by a judge, while actions at law are tried by a jury. See *Anzaldua v Band*, 457 Mich 530, 538; 578 NW2d 306 (1998). Moreover, plaintiffs are correct that, in the ordinary case, they enjoy a right to a jury trial for an action for damages, as that action seeks legal, rather than equitable, relief. See *id*. at 540-541 (holding right to jury trial exists under Whistleblower's Protection Act, despite silence as to right, based on statute's use of the term "actual damages"). Plaintiffs fail to appreciate, however, that the instant actions are not ordinary actions.

Rather, the instant actions seek damages against a public department and public officials, entities that are traditionally immune from suit under the doctrine of sovereign immunity. Accordingly, in the context of these cases, the relevant question is not whether plaintiffs enjoy a right to a jury trial for claims under the CPL and the SWA generally, but whether plaintiffs enjoy a right to a jury trial for claims *against the state* under the CPL and the SWA.

Plaintiffs may meet their burden to show that they have the right to a jury trial against the state by proving one of three circumstances: (1) the cause of action accompanied by the right to trial by jury existed before the adoption of the Michigan Constitution of 1963; (2) although the cause of action did not exist before adoption of the Constitution, the claim at issue is similar in character to a cause of action accompanied by the right that existed before adoption of the Constitution; or (3) the Legislature has specifically allowed for the right to a jury trial for the cause of action. *New Prods Corp v Harbor Shores BHBT Land Dev, LLC*, 308 Mich App 638-639, 645; 866 NW2d 850 (2014).

As noted above, in neither the CPL nor the SWA did the Legislature specifically allow for a right to a jury trial in cases against an official or subdivision of the state. Our Constitution does not provide for a jury trial against a state official or subdivision in any action, yet alone an action for damages resulting from a state employee's failure to report abuse or neglect. This Court has found no authority indicating that, before the adoption of our Constitution, a similarly situated plaintiff enjoyed a right to a jury trial against a state official or subdivision for the failure of a state employee to report abuse or neglect. Further, plaintiffs have not provided this Court with any authority indicating that a similarly situated plaintiff would enjoy a jury trial against a state official or subdivision for the failure of a state employee to report *anything*.

Therefore, we conclude that plaintiffs do not enjoy a right to a jury trial for their claims against state officials or a department arising out of a state employee's purported failure to report child abuse or neglect. Because plaintiffs have not proven that they enjoy a right to a jury trial, the exception to the Court of Claims' exclusive jurisdiction in MCL 600.6421(1) is inapplicable.

Accordingly, we conclude that the Court of Claims had exclusive jurisdiction to decide this action. MCL 600.6419(1)(a).

*Governmental Immunity Bars Plaintiffs' Actions.* Plaintiffs next argue that the Court of Claims improperly granted summary disposition to defendants under MR 2.116(C)(7), finding that plaintiffs' claims were barred by the doctrine of governmental immunity because defendants were a subdivision of the state and high ranking state officials. We agree with the Court of Claims and find summary disposition appropriate.

This Court reviews de novo a motion for summary disposition brought under MCR 2.116(C)(7). *Petipren v Jaskowski*, 494 Mich 190, 201; 833 NW2d 247 (2013). "When reviewing a grant of summary disposition on the ground that the claim is barred by governmental immunity, this Court considers all documentary evidence submitted by the parties." *Smith v Kowalski*, 223 Mich App 610, 616; 567 NW2d 463 (1997). "All well-pleaded allegations are accepted as true and construed in favor of the nonmoving party." *Id*. "To survive a motion for summary disposition, the plaintiff must allege facts warranting the application of an exception to governmental immunity." *Codd v Wayne Co*, 210 Mich App 133, 134-135; 537 NW2d 453 (1995).

"Governmental immunity is the public policy, derived from the traditional doctrine of sovereign immunity, that limits imposition of tort liability on a governmental agency." *Nawrocki v Macomb Co Rd Comm*, 463 Mich 143, 155-156; 615 NW2d 702 (2000). Generally, government agencies are immune from liability under the governmental tort liability act (GTLA) if they are engaged in the exercise of a governmental function. MCL 691.1407(1). Here, plaintiffs' complaints reflect that the MDOC was engaged in a government function—managing the operation of the department. At no point do plaintiffs raise a theory of liability that defendant MDOC was not engaged in the managing of correctional facilities. Accordingly, defendant MDOC is entitled to immunity with respect to plaintiffs' claims under the CPL and SWA.

Relatedly, MCL 691.1407(5) provides that "the elective or highest appointive executive official of all levels of government are immune from tort liability for injuries to persons or damages to property if he or she is acting within the scope of his or her judicial, legislative, or executive authority." The remaining defendants are the Governor and the current and former heads of the Department of Corrections. Plainly, these persons are the highest elected official in the state and the highest executive officials within the Department of Corrections. Plaintiffs agree with this conclusion, and further indicated in their complaints that these officials were acting within the scope of their executive authorities at the time of the incidents precipitating plaintiffs' claim for damages. Accordingly, these defendants are entitled to absolute immunity, unless an exception to that immunity applies.

Plaintiffs argue that the CPL and the SWA create exceptions to the immunity provided under MCL 691.1407. Indeed, "[a]lthough the GTLA proclaims that it contains all the exceptions to governmental immunity, the Legislature remains free to create additional exceptions, either within the GTLA or another statute." *State Farm Fire & Cas Co v Corby Energy Servs, Inc*, 271 Mich App 480, 485; 722 NW2d 906 (2006). This Court, however, has previously held that the CPL does not create an additional exception to the general statutory rule of governmental immunity for individual governmental employees, and that the CPL must

instead be read in conjunction with the GTLA. *In re Jones*, 300 Mich App 65, 76-77; 832 NW2d 426 (2013). Although this reasoning has not yet been applied to the SWA, because the SWA provides for a reporting duty akin to that under the CPL, we similarly find that the SWA does not create an additional exception to the GTLA. Accordingly, we conclude that defendants are immune from suit under the GTLA[3] and that the Court of Claims properly dismissed the actions under MCR 2.116(C)(7).[4]

Affirmed.


/s/ Brock A. Swartzle
/s/ Henry William Saad
/s/ Peter D. O'Connell

---

[3] Plaintiffs raise a related argument that defendant's alleged violations of the CPL and the SWA constitute intentional torts. Nonetheless, the defendants in this case remain immune from liability for intentional torts when engaged in the exercise of their executive authority. See *Odom*, 482 Mich 459 at 479-480. Moreover, plaintiffs' claim that the MDOC is vicariously liable for these alleged intentional torts is stated in a conclusory way, without citation to authority or sufficient explanation. This claim is, thus, abandoned. *Cheesman v Williams*, 311 Mich App 147, 161; 874 NW2d 385 (2015).

[4] We also note that plaintiffs had originally argued on appeal that the Court of Claims erred on the merits in granting summary disposition to defendants, finding that this Court's decision in *Does I* barred the claims under the doctrine of res judicata. We agree with the parties that our Supreme Court's subsequent vacation of *Does I* renders summary disposition inappropriate under the doctrine of res judicata.