BALLMAN v BORGES

Docket No. 193746. Submitted September 4, 1997, at Grand Rapids. Decided October 24, 1997, at 9:20 A.M.

Patricia Ballman brought an action in the 9th District Court, 1st Division, against her landlords, Jose and Maria Borges, seeking to recover all the rent she had paid during the period that the rental property in which she lived had been condemned. The district court disagreed with the plaintiff's contention that Kalamazoo City Ordinances, § 17-9, allowed her to recover the rent she had paid. The Kalamazoo Circuit Court, Philip D. Schaefer, J., reversed and remanded the matter to the district court. On remand, the district court entered a judgment for the plaintiff. The defendants appealed and, after remand, the circuit court affirmed. The defendants appealed by leave granted.

The Court of Appeals *held*:

The city ordinance has no application in this case. The ordinance evinces an attempt to prevent owners and lessors from recovering in a court of law a judgment for unpaid rent for a period in which premises were rented or leased while unfit for human habitation. The ordinance does not create a cause of action in the plaintiff's favor.

Reversed.

Landlord and Tenant — Actions—Property Unfit for Human Habitation — City Ordinances.

A city ordinance intended to prevent owners and lessors of property that is unfit for human habitation from recovering in a court of law a judgment for unpaid rent for a period in which the premises were rented or leased while unfit for human habitation creates a shield that tenants may raise when sued for unpaid rent, but does not create a sword whereby a tenant may sue an owner or lessor for the return of rent paid while the premises were unfit for human habitation.

*Joann E. Killen, P.C.* (by *Joann E. Killen*), for the defendants.

Before: O'CONNELL, P.J., and MACKENZIE and GAGE, JJ.

O'CONNELL, P.J. In this landlord-tenant action, defendants appeal by leave granted an order of the circuit court affirming an order of the district court. The effect of the order appealed was to require defendants to refund plaintiff, their tenant, approximately $3,200 that plaintiff had paid in rent, plus costs. We reverse.

After discovering that the property in which she was living had been condemned several years before, plaintiff brought suit against defendants, her landlords, seeking recovery of all the rent she had paid. Although she conceded in a related proceeding that the property was in reasonable condition and that defendants, who had not owned the property at the time it was condemned, had expended quite a bit of effort remodeling, she asserted that Kalamazoo City Ordinances, § 17-9, allowed her to recover the rent she had paid during the period in which the property had been condemned. Though the district court disagreed, her position was vindicated on appeal in the circuit court, and judgment was subsequently entered in her favor in the district court. Defendants then appealed to the circuit court, which affirmed. Defendants now appeal to this Court by leave granted.

The rules applicable to statutory construction apply to the construction of ordinances as well. *Albright v Portage*, 188 Mich App 342, 350; 470 NW2d 657 (1991). The primary goal of statutory interpretation and, by implication, the interpretation of ordinances, is to give effect to the intent of the legislative body. *Farrington v Total Petroleum, Inc*, 442 Mich 201, 212; 501 NW2d 76 (1993). The first criterion in determining

intent is the specific language used by the legislative body in the statute or ordinance. *House Speaker v State Administrative Bd*, 441 Mich 547, 567; 495 NW2d 539 (1993). If the plain and ordinary language is clear, then judicial construction is normally neither necessary nor permitted. *Lorencz v Ford Motor Co*, 439 Mich 370, 376; 483 NW2d 844 (1992). However, the court may refer to dictionary definitions when appropriate when ascertaining the precise meaning of a particular term. *Popma v Auto Club Ins Ass'n*, 446 Mich 460, 470; 521 NW2d 831 (1994). We review a lower court's interpretation of the meaning of an ordinance de novo. See *Smeets v Genesee Co Clerk*, 193 Mich App 628, 633; 484 NW2d 770 (1992).

At issue in the present case is whether the emphasized portion of the following Kalamazoo City Ordinance gives rise to a cause of action on the part of a tenant against the tenant's landlord:

> If any building constructed as or altered into a dwelling is occupied in whole or in part for human habitation in violation of this chapter so that the same is unfit for human habitation during the unlawful occupation, *no rent shall be recoverable by the owner or lessor of the premises for the period*; no action or special proceedings shall be maintained for possession of the premises for nonpayment of rent; and the premises may be declared unfit for human habitation and the building official may cause them to be vacated accordingly. [Kalamazoo City Ordinances, § 17-9 (emphasis supplied).]

We conclude that it does not.

As relevant to the present appeal, the ordinance provides only that "no rent shall be *recoverable* by *the owner or lessor* of the premises for the period . . . ." First, we would note that plaintiff is neither the

"owner" nor the "lessor" of the premises in question; she is the tenant, the lessee. Given that the ordinance purports only to limit the rights of owners and lessors, doubt is immediately cast on plaintiff's contention that the ordinance creates a cause of action in her favor. Second, and perhaps more significantly, the term "recoverable" has a precise meaning in the present context. As defined in the *Random House Webster's College Dictionary,* to "recover" is "to obtain by judgment in a court of law" or "to obtain a favorable judgment in a suit for something." See *Popma, supra.*

We consider Kalamazoo City Ordinances, § 17-9, to be plain and unambiguous, meaning judicial construction is not permitted. *Lorencz, supra.* Our interpretation of this unambiguous ordinance comports entirely with that of the district court: the ordinance evinces an attempt by the City of Kalamazoo to prevent owners and lessors from recovering in a court of law a judgment for unpaid rent for a period in which premises were rented or leased while unfit for human habitation. In other words, the ordinance creates a shield that tenants in the City of Kalamazoo may raise when sued for unpaid rent, but it does not create a sword.

Read properly, this ordinance has no application in the present case. Had the instant appeal stemmed from a suit by a landlord against a tenant, the ordinance may appropriately have been invoked. However, the case sub judice involves a suit by a tenant against her landlords. The ordinance at issue will not support such a suit.

That being said, two other points bear mention. First, if any legitimate authority for a suit such as

plaintiff's exists, she has not directed this Court's attention to it. Because this ordinance has been offered as the only basis for plaintiff's suit, a basis that we have found wanting, the judgment must be reversed. Second, because it is unnecessary to the disposition of this case, we do not determine whether a city has the authority to create a defense to a private cause of action for unpaid rent, much as our Supreme Court, in *Bivens v Grand Rapids*, 443 Mich 391, 396; 505 NW2d 239 (1993), declined to address the question whether a city may create a private cause of action.

Because of our resolution of this issue, we find it unnecessary to address the remaining argument raised by defendants in their thorough and well-written brief on appeal.

Reversed.