ENGLISH GARDENS CONDOMINIUM, LLC v HOWELL TOWNSHIP

Docket No. 269213. Submitted November 7, 2006, at Detroit. Decided November 28, 2006, at 9:00 a.m. Leave to appeal sought.

English Gardens Condominium, LLC, brought an action in the Livingston Circuit Court against Howell Township, its zoning administrator, and its treasurer to recover funds that the defendants withdrew pursuant to a letter of credit that was intended to ensure the plaintiff's completion of a condominium construction project. The defendants asserted that the plaintiff had failed to complete the project or timely renew the letter of credit, while the plaintiff alleged that the outstanding items for completion constituted maintenance rather than construction, and were therefore the responsibility of the condominium association rather than the plaintiff. The trial court, Stanley J. Latreille, J., granted summary disposition to the defendants, and the plaintiff appealed.

The Court of Appeals *held*:

1. The plaintiff's request for mandamus—or, properly stated, for superintending control—was properly denied because the plaintiff failed to establish an unequivocal right to the return of the funds withdrawn pursuant to the letter of credit, return of the funds under a breach of contract theory was not a ministerial task, and the plaintiff had an adequate remedy at law.

2. The trial court properly concluded that the defendants satisfied the prerequisites for drawing on the letter of credit that were set forth in the letter itself, and that the lack of notice to the plaintiff did not preclude the defendants from drawing on the letter of credit. The trial court did err, however, in failing to recognize that the defendants acted beyond the scope of an applicable township ordinance by drawing all the money available in the letter of credit without having incurred any compensable expenses that would necessitate reimbursement.

3. The trial court did not err in dismissing the plaintiff's contract claim without prejudice because neither side attached to its pleadings the site plan or the broader contractual agreement that formed the basis for the claim.

4. The trial court's dismissal of the plaintiff's declaratory judgment claim must be reversed, because it stands as plaintiff's only chance of vindicating its position that the defendants improperly drew funds from the letter of credit. Accordingly, the trial court is directed on remand to declare that the defendants acted contrary to Howell Township Ordinance, § 20.15 in drawing the funds from the letter of credit, and to order the defendants to return the deposited security to the plaintiff.

Affirmed in part, reversed in part, and remanded for further proceedings.

*Bush Seyferth Kethledge & Paige PLLC* (by *Richard W. Paige* and *Moheeb H. Murray*) for the plaintiff.

*Foster, Swift, Collins & Smith, P.C.* (by *William K. Fahey* and *Richard Hillman*), for the defendants.

Before: WHITBECK, C.J., and SAWYER and JANSEN, JJ.

PER CURIAM. Plaintiff appeals as of right the trial court order granting summary disposition in favor of defendants Howell Township, township zoning administrator Merry Bering, and township treasurer Lawrence Hammond. We affirm in part, reverse in part, and remand for further proceedings.

### I. FACTS

In 2002, defendant Howell Township approved plaintiff's site plan for a condominium complex to be composed of ten buildings comprising approximately 120 condominiums. The plan included common areas, sidewalks, parking lots, a circular drive, and a storm-water retention pond.

As security for the completion of the development, plaintiff provided a letter of credit to defendant Howell Township in the amount of $300,000. That instrument, dated October 7, 2002, and set to expire one year later,

stated that "[e]ach draft . . . must be . . . accompanied by a signed statement of Howell Township, its Subsidiaries and Affiliates that [plaintiff] has failed to honor [its] contractual agreement, per site plan review, with Howell Township, its Subsidiaries and Affiliates."

When the letter of credit was near expiration, plaintiff executed a new one in the amount of $150,000. It was dated October 7, 2003, and was set to expire on February 1, 2004. Upon the expiration of that instrument, plaintiff executed a third letter of credit, in the amount of $60,000, set to expire on June 1, 2004. The reductions in the amounts of each successive letter of credit were accepted by the township in light of the continuing progress toward completion of the project.

As buildings were completed, the township issued certificates of zoning compliance. Eight certificates were issued between December 30, 2002, and October 24, 2003. Certificates were issued for the last two buildings in September 2004, one listing as contingencies "still to complete landscape, plantings" and the other specifying "Landscaping" and "grass to be done by 9-22/29-04."

Defendant Bering averred in an affidavit that on September 1, 2004, she wrote a letter to plaintiff explaining what actions should be taken before the third letter of credit expired one month later. These included

> all landscaping, including the two new buildings as well as the storm water detention/retention pond; the common areas, such as the center park; the existing plant materials within the development, . . . the property that bordered Henderson Road, which is observed to still have the silt fencing in place and being used as a driveway, [and] all roadways and drive/parking areas must be hard surfaced and in good condition for the entire development.

Plaintiff's managing member asserted in response that most of these matters were maintenance concerns, and thus the responsibility of the condominium association, not the developer.

On September 23, 2004, defendant Bering drew the full $60,000 available from the letter of credit, on the ground that plaintiff was refusing either to make repairs or renew the letter of credit, which was soon to expire. Plaintiff commenced suit for a return of those funds, seeking a writ of mandamus, a declaratory judgment, and contract damages. On cross-motions for summary disposition, the trial court ruled in favor of defendants.

## II. STANDARD OF REVIEW

We review de novo a trial court's decision on a motion for summary disposition as a question of law. *Ardt v Titan Ins Co*, 233 Mich App 685, 688; 593 NW2d 215 (1999). We likewise review de novo a lower court's interpretation of the meaning of a municipal ordinance. *Ballman v Borges*, 226 Mich App 166, 168; 572 NW2d 47 (1997). The de novo standard also applies to issues of contract interpretation. *Archambo v Lawyers Title Ins Corp*, 466 Mich 402, 408; 646 NW2d 170 (2002). However, a trial court's decision in response to a complaint for mandamus is reviewed for an abuse of discretion. *Delly v Bureau of State Lottery*, 183 Mich App 258, 261; 454 NW2d 141 (1990).

## III. LETTER OF CREDIT AND NOTICE

Plaintiff first argues that the trial court erred in dismissing its mandamus, declaratory judgment, and contract claims because there was no question of fact that defendants violated their own ordinance by appropriating funds from plaintiff's letter of credit. We agree in part.

### A. MANDAMUS

Mandamus is an extraordinary remedy, "proper where (1) the plaintiff has a clear legal right to performance of the specific duty sought to be compelled, (2) the defendant has the clear legal duty to perform such act, and (3) the act is ministerial, involving no exercise of discretion or judgment." *Vorva v Plymouth-Canton Community School Dist*, 230 Mich App 651, 655; 584 NW2d 743 (1998). Although mandamus is not normally appropriate to compel a discretionary act, it may be appropriate in response to an abuse of discretion. See *Plum Hollow Golf & Country Club v Southfield Twp*, 341 Mich 84, 87-90; 67 NW2d 122 (1954); see also *Frischkorn Constr Co v Redford Twp Bldg Inspector*, 315 Mich 556, 564-565; 24 NW2d 209 (1946). Mandamus is proper only where the petitioner has no adequate remedy at law. *Phillips v Warden, State Prison of Southern Michigan*, 153 Mich App 557, 566; 396 NW2d 482 (1986).[1]

---

[1] "[A] municipal zoning authority is subject to the circuit court's superintending control, not its power of mandamus." *Choe v Flint Charter Twp*, 240 Mich App 662, 666; 615 NW2d 739 (2000). Plaintiff thus should have styled its complaint for mandamus as one for superintending control. However, the outcome is not affected by the label attached to the complaint because the legal rules governing superintending control mirror those governing mandamus:

> The grant or denial of a petition for superintending control is within the sound discretion of the court; absent an abuse of discretion, the Court of Appeals will not disturb the denial of such a request. . . .

> The filing of a complaint for superintending control is not an appeal, but, rather, is an original civil action designed to order a lower court to perform a legal duty. Superintending control is an extraordinary power that the court may invoke only when the plaintiff has no legal remedy and demonstrates that the court has failed to perform a clear legal duty. [*Shepherd Montessori Ctr*

The trial court denied the request for mandamus on the grounds that the township was entitled to keep the money in question because of plaintiff's failure to comply with the site plan, and that the decision to draw on the letter of credit was discretionary in nature. We agree with this result, but not necessarily with the trial court's reasoning.

Plaintiff also sued on a contract theory, styling the letter of credit as a contractual arrangement and claiming contract damages in the full amount. Entitlement to the money is indeed a function of the parties' agreement, as plaintiff itself recognized by pleading a contract claim. Plaintiff therefore had an adequate remedy at law—namely, contract damages. Moreover, the payment of contract damages is no mere ministerial task, and, although plaintiff presented a convincing claim that the money was improperly taken, plaintiff's argument falls short of establishing a clear, unequivocal right to the return of the funds in question. For these reasons, we affirm the trial court's denial of mandamus relief. See *Zimmerman v Owens*, 221 Mich App 259, 264; 561 NW2d 475 (1997) (this Court will not reverse when the trial court reaches the correct result, regardless of the reasoning employed).

### B. DECLARATORY JUDGMENT AND CONTRACT CLAIMS

The trial court rejected the contract and declaratory judgment claims in tandem, reasoning:

> The declaratory judgment and breach of contract counts in Plaintiff's complaint should . . . be dismissed because, as the defendants argue in their brief and as a review of the file shows, Plaintiff did not comply with the site plan and therefore Defendants were entitled under Section 20.15 of

*Milan v Ann Arbor Charter Twp*, 259 Mich App 315, 346-347; 675 NW2d 271 (2003) (citation omitted).]

the zoning ordinance to withdraw the $60,000. Plaintiff is not entitled to a declaratory judgment in their favor because it seems clear that Defendants are entitled to draw on the $60,000 letter of credit in order to ensure compliance. Furthermore, Plaintiff offers no real support for a breach of contract claim. And besides, if anyone has breached any sort of a contractual duty, it would seem to me that the Plaintiff would be the one that had not fulfilled its obligations under the site plan.

The letter of credit on which defendants drew provides that "[e]ach draft . . . must be . . . accompanied by a signed statement of Howell Township, its Subsidiaries and Affiliates that [plaintiff] has failed to honor [its] contractual agreement, per site plan review, with Howell Township, its Subsidiaries and Affiliates." Upon drawing the $60,000 from the letter of credit, defendants Bering and Hammond signed a letter asserting that the township "is drawing upon the credit in the amount of sixty thousand dollars ($60,000.00) due to the conditions that [plaintiff] has failed to honor [its] contractual agreement with Howell Township, its Subsidiaries and Affiliates."

Defendants thus satisfied the procedural requirement in the letter of credit for drawing on the funds. The letter did not require the absence of a dispute regarding compliance with the underlying contractual obligations, or that the funds be drawn only upon resolution of any such dispute. Instead, the letter of credit required only that township officials assert that plaintiff had failed to fulfill its contractual obligations.

Of course, all contracts normally presume good faith and fair dealing in their exercise. See *Hammond v United of Oakland, Inc*, 193 Mich App 146, 151-152; 483 NW2d 652 (1992) (excepting at-will employment contracts); *Stark v Budwarker, Inc*, 25 Mich App 305, 313 n 7; 181 NW2d 298 (1970). This principle would prevent

defendants from drawing on the letter of credit on the basis of wholly fabricated assertions of plaintiff's noncompliance. But this principle does not restrict defendants from acting on the basis of reasonable beliefs that plaintiff had failed to fulfill its obligations. In this case, it is obvious that a bona fide controversy existed concerning plaintiff's compliance with the site plan. Defendants thus satisfied the prerequisites for drawing on the letter of credit as specified by the letter itself.

However, necessarily governing the operation of the letter of credit are certain applicable statutes and ordinances.

The former MCL 125.286f(2)[2] provided:

> To insure compliance with a zoning ordinance and any conditions imposed thereunder, a township may require that a cash deposit, certified check, irrevocable bank letter of credit, or surety bond acceptable to the township covering the estimated cost of improvements associated with a project for which site plan approval is sought be deposited with the clerk of the township to insure faithful completion of the improvements. . . . The township shall establish procedures whereby a rebate of any cash deposits in reasonable proportion to the ratio of work completed on the required improvements will be made as work progresses.

Howell Township Ordinance, § 20.15 authorizes the township to require "acceptable forms of security" from an applicant in connection with an approved site plan, and further provides:

> In the event that the applicant shall fail to provide improvements according to the approved final site plan, the Township Board shall have the authority to have such work completed, and to reimburse itself for costs of such

---

[2] MCL 125.286f was repealed, effective July 1, 2006. MCL 125.3702(1)(c).

work by appropriating funds from the deposited security, or may require performance by the bonding company.

"The rules applicable to statutory construction apply to the construction of ordinances as well." *Ballman*, *supra* at 167. Accordingly, the meaning of an ordinance should be ascertained from its terms and organization, and its words should be given their ordinary meanings. See *Gross v Gen Motors Corp*, 448 Mich 147, 160; 528 NW2d 707 (1995). Ordinances should be read with the presumption that every word has some meaning. See *Tiger Stadium Fan Club, Inc v Governor*, 217 Mich App 439, 457; 553 NW2d 7 (1996).

Relying on Howell Township Ordinance, § 20.15, plaintiff argues that defendants were not authorized to draw on the letter of credit. While the ordinance plainly envisions that the township will draw on deposited security to cover expenses related to the completion of a project, we agree with plaintiff that the ordinance does not permit the preemptive seizure of deposited security before work is completed.

Section 20.15 first authorizes the township to "have such work completed," and then authorizes the township to "reimburse itself for costs of such work by appropriating funds from the deposited security." The sequencing of these two authorizations—to have the work completed and then to obtain reimbursement for that work—indicates that the first event is to occur before the second. Use of the word "reimburse" removes any doubt. To "reimburse" is to "pay back or compensate (a person) for money spent, or losses or damages incurred." *American Heritage Dictionary* (2d ed, 1985). Reimbursement thus occurs not in anticipation of an expenditure, but only after such an occurrence. Accordingly, the ordinance authorizes the after-the-fact reimbursement "for costs of such work," not

the raiding of deposited security as general compensation for inconvenience or potential future expenditures.

Defendants acknowledge the ordinance, but only to observe that it "authorizes Howell Township to draw upon a letter of credit provided by a developer when a project is not completed in accordance with the site plan." Defendants fail to recognize or discuss the ordinance language that limits such draws to *reimbursement for completed work*.

Defendants point out that they drew on the letter of credit just before it expired, and protest that "[t]here is no sound basis to force a municipality to let a letter of credit expire, or require the municipality to take over as general contractor and pay construction costs for a private development prior to enforcing a letter of credit." But § 20.15 does indeed establish such a basis. Defendants are entitled neither to rewrite the ordinance to authorize preemptive seizure of security nor to read into the ordinance license to draw funds simply because those funds might soon become unavailable.

The township was, in the first instance, at liberty to demand longer periods of expiration, or to incur compensable expenses while there was still time to draw reimbursement. That the township took neither of these actions is not a sufficient reason to disregard the ordinance's plain requirements governing resort to the letter of credit. Moreover, there has been little factual development to show that the township will incur $60,000, or any other amount, in expenses because of any deficiencies or noncompliance on plaintiff's part. To allow defendants to keep the full amount drawn from the letter of credit would be tantamount to treating the funds as liquidated damages, subject to defendants' unilateral seizure, instead of as security for expenses

actually incurred. We conclude that defendants acted improperly in seizing the $60,000 deposited security without first following the proper procedures defined in the applicable ordinance.

Plaintiff additionally argues that defendants acted without providing proper notice. This argument is unavailing. Howell Township Ordinance, § 21.04(F)(2) states that, where a site plan is required and the zoning administrator has determined that completed construction is noncompliant, the administrator "shall notify the property owner and/or contractor/developer to either remove or bring the noncomplying construction into compliance ... or the provisions of Section 21.07 . . . . shall be initiated . . . ."

Section 21.07[3] in turn sets forth "enforcement procedures" that "may be applicable in the instances of violations of ... approved site plans . . . ." Subsection A(2) calls for documentation of a violation in ways that go beyond the letters that were sent in this instance, including photographs of the violation, "endorsed on the back" with "the date, time, place, signed by the person taking the photograph and witnessed by the Zoning Administrator." Subsection B states that the "owner(s) and occupant(s) of the lot or parcel upon which the zoning violation has occurred" are to receive the first notice of the violation "on a special form," including the date and location of each violation, and the specific sections of the zoning ordinance or portions of an approved site plan that have been violated, along with notice that the violations "shall be corrected within thirty (30) days before further prosecution of the violation(s) will proceed." Subsections C through E

---

[3] Defendants assert that plaintiff did not invoke § 21.07 below. However, plaintiff relied on § 21.07 in its motion for summary disposition and response to defendants' motion for summary disposition.

provide for second notice, notice of a show-cause hearing, and a show-cause hearing, finding and order. Subsection F states that failure to comply with the board's findings and order "may then be followed by any of the legal remedies" specified elsewhere, or filing an appearance ticket with the circuit court. However, subsection G states, "Notwithstanding any of the above procedures, upon order of the Township Board, the Township may commence proceedings in any Michigan Court of jurisdiction to prosecute against or enjoin any zoning violation."

The final subsection indicates generally that failure to follow the specific notice provisions does not preclude recourse to legal remedies. More importantly, there is no mention of requiring any of these procedures before drawing on a letter of credit. Accordingly, the trial court did not err in concluding that the lack of notice did not itself preclude defendants from drawing on the letter of credit.

But, again, the court did err in failing to recognize that defendants, having drawn all the money available in the letter of credit without having incurred any compensable expenses, acted beyond the scope of Howell Township Ordinance, § 20.15. We therefore reverse the trial court's ruling in this regard.

### IV. COMPLIANCE WITH SITE PLAN AND ORDINANCE

Plaintiff also argues that the trial court erred in dismissing its claims[4] because there was no question of fact that its development complied with the site plans and the applicable township ordinance.

---

[4] Because we have concluded that mandamus was not an available remedy in this case, we address this issue only with respect to the contract and declaratory judgment claims.

## A. CONTRACT

Plaintiff appended to its complaint, and to its motion for summary disposition and response to defendants' motion for summary disposition, a copy of the letter of credit. That instrument refers to a broader contractual agreement, and to the existence of a site plan. But plaintiff appended no site plan, and no other writing that specified all the contractual rights and responsibilities of the parties. Defendants likewise did not append such additional documents to their answer. MCR 2.113(F)(1) states, "If a claim or defense is based on a written instrument, a copy of the instrument or its pertinent parts must be attached to the pleading as an exhibit . . . . " The exceptions to this rule do not apply in this case.

Nor has either side attempted to supply the missing documentation on appeal. Both refer to various statements of individuals concerning the site plan's requirements, but after searching the record, we have found no site plan or any contractual agreement other than the various letters of credit. The parties' failure to submit the site plan or the underlying agreement between the parties warrants dismissal of the contract claim without prejudice. See MCR 2.113(F)(1).

## B. DECLARATORY JUDGMENT

"In a case of actual controversy within its jurisdiction, a Michigan court of record may declare the rights and other legal relations of an interested party seeking a declaratory judgment, whether or not other relief is or could be sought or granted." MCR 2.605(A)(1).

> In general, an actual controversy exists where a declaratory judgment or decree is necessary to guide a plaintiff's future conduct in order to preserve his legal rights. It is not

necessary that actual injuries or losses have occurred; rather that plaintiffs plead and prove facts which indicate an adverse interest necessitating a sharpening of the issues raised. [*Kircher v Ypsilanti*, 269 Mich App 224, 227; 712 NW2d 738 (2005) (internal quotation marks and citation omitted).]

In common with *Kircher*, *supra*, this case presents a plaintiff that asserts that a defendant municipality has violated its own ordinance and that seeks interpretation of the ordinance. See *id.* at 226-227.

Plaintiff states that it has "alleged that there is an actual controversy between the parties regarding ordinance and site-plan compliance," and that a declaration from the court concerning the parties' rights and obligations under the ordinance and letter-of-credit agreement will help guide the parties' future conduct. We agree. We also note that, because we have affirmed the trial court's dismissal of the mandamus and contract claims, the claim for declaratory judgment stands as plaintiff's only chance of vindicating its position that defendants improperly drew funds from the letter of credit.

Because an actual controversy exists in this matter, and because defendants acted contrary to Howell Township Ordinance, § 20.15 in drawing the $60,000 from the letter of credit, declaratory relief would serve to guide the parties' conduct and to preserve plaintiff's legal rights. *Kircher*, *supra* at 227.

We reverse the dismissal of plaintiff's declaratory judgment claim and direct the trial court on remand to declare that defendants acted contrary to Howell Township Ordinance, § 20.15 in drawing the $60,000 from the letter of credit. MCR 7.216(A)(7). The trial court shall order defendants to return the deposited security to plaintiff.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.