# STATE OF MICHIGAN

# COURT OF APPEALS

ROBERT MCMILLAN,

Plaintiff-Appellant,

v

SUSAN DOUGLAS,

Defendant-Appellee.

FOR PUBLICATION
December 14, 2017
9:10 a.m.

No. 335166
Calhoun Circuit Court
LC No. 2015-003425-AV

Before: MARKEY, P.J., and HOEKSTRA and RONAYNE KRAUSE, JJ.

PER CURIAM.

Plaintiff Robert McMillan appeals by leave granted[1] the circuit court order affirming the decision of the district court to deny plaintiff's request to recoup rent paid to his landlord, defendant Susan Douglas, for the months when defendant rented the property to plaintiff without a rental permit. Because the Battle Creek Code of Ordinances § 842.06(c) does not provide plaintiff a private cause of action to enforce rental ordinances against defendant, we affirm.

Between August 2011 and October 2014, plaintiff rented residential property in Battle Creek from defendant at a rate of $595 per month for a total of 39 months. During that time, defendant did not have a valid rental permit for the property as required by the Battle Creek Code of Ordinances. On October 23, 2014, plaintiff received an order to vacate the premises because there was no current, valid rental permit. Plaintiff vacated the property on October 31, 2014, and subsequently filed suit against defendant.

Relevant to the present appeal, in the district court, plaintiff claimed that he was entitled to the return of all rent paid to defendant during his tenancy because, under § 842.06(c), defendant could not accept, retain or recover rent without a current, valid rental permit. According to plaintiff, § 842.06(c) created a private cause of action allowing plaintiff to recoup rental payments made to defendant. The parties stipulated to the facts involved, and the district court ruled in defendant's favor with regard to plaintiff's claim to recoup rent under § 842.06(c), concluding that the ordinance did not grant a private cause of action to tenants to recover rent.

---

[1] *McMillan v Douglas*, unpublished order of the Court of Appeals, entered February 16, 2017 (Docket No. 335166).

Plaintiff appealed the district court's ruling to the circuit court, and the circuit court affirmed. Plaintiff now appeals by leave granted.

On appeal, the issue before us is whether § 842.06(c) creates a private cause of action that allows a tenant to demand the return of rent that was paid to a landlord during a period in which the landlord did not have a valid rental permit. Plaintiff emphasizes that, under § 842.06(c), defendant cannot accept, retain or recover rent without a valid rental permit. To enforce this prohibition, plaintiff contends that it must be inferred that there is private right of action allowing plaintiff to demand the return of rent. We disagree.

We review de novo a decision to grant summary disposition under MCR 2.116(A). *Stanley v Genesee Co Clerk*, 258 Mich App 215, 218; 671 NW2d 116 (2003). The interpretation and application of an ordinance also presents a question of law, which we review de novo. *Great Lakes Society v Georgetown Charter Twp*, 281 Mich App 396, 407; 761 NW2d 371 (2008). The rules of statutory construction apply to the interpretation of an ordinance. *Goldstone v Bloomfield Twp Pub Library*, 479 Mich 554, 568 n 15; 737 NW2d 476 (2007). "Thus, this Court's goal in the interpretation of an ordinance is to discern and give effect to the intent of the legislative body." *Morse v Colitti*, 317 Mich App 526, 548; 896 NW2d 15 (2016). An ordinance must be construed as a whole, *Winchester v WA Foote Mem Hosp, Inc*, 153 Mich App 489, 501; 396 NW2d 456 (1986), affording words their plain and ordinary meanings, *Great Lakes Society*, 281 Mich App at 408. "If the language used by the legislative body is clear and unambiguous, the ordinance must be enforced as written." *Morse*, 317 Mich App at 548.

Absent an express indication to the contrary, an ordinance imposing a public duty on a property owner does not give rise to a private cause of action. See *Levendoski v Geisenhaver*, 375 Mich 225, 228; 134 NW2d 228 (1965); *Grooms v Union Guardian Trust Co*, 309 Mich 437, 440; 15 NW2d 698 (1944). Moreover, when a provision "creates a new right or imposes a new duty unknown to the common law and provides a comprehensive administrative or other enforcement mechanism or otherwise entrusts the responsibility for upholding the law to a public officer, a private right of action will not be inferred." *Claire-Ann Co v Christenson & Christenson, Inc*, 223 Mich App 25, 31; 566 NW2d 4 (1997).

In this case, Chapter 842 of the Battle Creek Code of Ordinances regulates rental housing. The stated purpose of regulating, permitting, and inspecting rental property as set forth in Chapter 842 is to:

> (a) Protect the health, safety, and welfare of persons affected by or subject to the provisions of this chapter.
>
> (b) Ensure that rental unit owners, legal agents, and tenants are informed of and adhere to all applicable code provisions governing the use and maintenance of rental units.
>
> (c) Establish standards for obtaining rental permits, inspection of rental units, and the issuance of certificates of compliance for rental units. [Section 842.02.]

Notably, under § 842.04(a), "no dwelling shall be rented by any person unless there is first issued a rental permit . . . ." The burden is on the owner of the property to "obtain a current,

valid, rental permit." § 842.04(b). Rental of a property without a permit results in several consequences for landlords and tenants. Specifically, § 842.06 provides:

> In addition to all other remedies provided for in this chapter or by any other local ordinance, state statute, or federal law, the following shall apply when there is no rental permit as required:
>
> (a) Order to vacate. Failure to have a current, valid, rental permit subjects the rental dwelling to being ordered vacated as provided in Section 842.12, until a valid rental permit is issued.
>
> (b) Failure to vacate. In addition to any other remedy available to the City under law, including City ordinances, an owner, tenant, or other occupant who fails to vacate a dwelling after having been given notice of an order to vacate under this chapter is subject to the penalties set forth at Section 842.99.
>
> (c) Abatement of rent. Where there is no current, valid, rental permit for a dwelling, no rent shall be accepted, retained or recoverable by the owner or lessor of the premises for the period.

Based on § 842.06(c), plaintiff now claims that he has a private cause of action for the recoupment of rent because § 842.06(c) precludes an owner from accepting, retaining or recovering rent in the absence of a current, valid, rental permit. However, this section gives no express indication that a private cause of action exists for a tenant. Indeed, the word "tenant" does not appear at all in § 842.06(c). Instead, the provision only provides for a limitation on the rights and conduct of an "owner or lessor." "Given that the ordinance purports only to limit the rights of owners and lessors, doubt is immediately cast on plaintiff's contention that the ordinance creates a cause of action in [his] favor." *Ballman v Borges*, 226 Mich App 166, 169; 572 NW2d 47 (1997).[2]

Any claim that a private cause of action exists or should be inferred is further undercut by consideration of the ordinance as a whole and in context. First, considering Chapter 842 as a whole, the rental permit requirements impose a public duty on landlords, not an obligation owed by a landlord to a tenant. See *Levendoski*, 375 Mich at 228; *Szkodzinski v Griffin*, 171 Mich App 711, 713; 431 NW2d 51 (1988). More specifically, under § 842.04(b), it is certainly the owner's or lessor's obligation to obtain a rental permit. However, this permit requirement provides a public benefit that facilitates the inspection and policing of rental properties, not only for the welfare of occupants of the properties, but also to confirm that the properties are not a nuisance,

---

[2] Under *Ballman*, an ordinance preventing a landlord from recovering rent, such as § 842.06(c), could be used as a "shield" by a tenant when being sued for unpaid rent, but it is not a "sword" creating a private cause of action. *Ballman*, 226 Mich App at 169. While controlling with respect to provisions preventing a landlord from recovering rent, *Ballman* is not entirely on point with the current case because, unlike the ordinance in *Ballman*, § 842.06(c) also prevents a landlord from "accepting" or "retaining" rent.

§ 842.08(c)(2), and to ensure that there are no conditions on the properties posing a hazard to the general public, § 842.12. In short, the permit requirement benefits the public as a whole. And, because the permit requirement is a public duty, it does not give rise to a private cause of action for a tenant. See *Levendoski*, 375 Mich at 228.

Second, the rental permit requirement is not a common law obligation; and, read as a whole, Chapter 842 provides for the administration and enforcement of this obligation by the City, meaning that a private cause of action cannot be inferred. See *Claire-Ann Co*, 223 Mich App at 31. As noted, under § 842.04(b), it is certainly the owner's or lessor's obligation to obtain a rental permit, and Chapter 842 provides for various penalties and sanctions if a landlord fails to obtain the necessary permit. However, Chapter 842 makes plain that it is not only the landlord who faces prohibitions and repercussions as a result of rental property regulations. Rather, one of the stated purposes of Chapter 842 is to "[e]nsure that rental unit owners, legal agents, *and tenants* are informed of and adhere to all applicable code provisions governing the use and maintenance of rental units." § 842.02(b) (emphasis added). As a corollary to a landlord's obligation to obtain a rental permit, a tenant is prohibited from renting an unpermitted rental dwelling. See § 842.04(a) ("[N]o dwelling shall be rented by any person unless there is first issued a rental permit . . . ."). Further, both the landlord and the tenant are subject to repercussions under § 842.06, including orders to vacate the property as well as a possible civil infraction or misdemeanor conviction for failing to vacate.[3] See § 842.06(a), (b); § 842.99. In other words, Chapter 842 plainly contemplates action against the landlord as well as the tenant, and such enforcement action is clearly entrusted to the City.

Given that a tenant is subject to action by the City for the enforcement of Chapter 842, we find unpersuasive plaintiff's assertion that—without any express indication—it should be assumed that a tenant has a private cause of action under § 842.06(c). That is, read as a whole, Chapter 842 makes plain that tenants are not the enforcers of Chapter 842; rather, they are subject to Chapter 842, which is enforced by the City.[4] Indeed, recognizing that a tenant is

---

[3] Under § 842.06(a) and § 842.12, an order to vacate requires everyone, including the tenant, to vacate the premises unless "there is no condition in the property posing a hazard to life, limb, property or safety of the occupants or the general public, and, the owner makes application [for a rental permit]." See also § 1462.24. Pursuant to § 842.06(b), anyone who fails to vacate the property—including the owner or tenant—is subject to penalties under § 842.99. Under § 842.99, failure to vacate after receiving notice is a municipal civil infraction and, if the order to vacate involves an imminent danger to life, limb or property, the person who fails to vacate after receiving notice is guilty of a misdemeanor. Additionally, with regard to a landlord, under § 842.99(e), "[f]ailure to obtain a rental permit as required . . . is a misdemeanor punishable by a fine of up to five hundred dollars ($500.00) and/or ninety days in jail." "Each day that a person fails to obtain a rental permit is a separate violation." § 842.99(e).

[4] Insofar as the term "tenant" does not appear in § 842.06(c) in particular, the omission of this term does not impliedly create a cause of action for tenants; rather, it makes plain that the actions available to the City under § 842.06(c) relate only to owners and lessors, not tenants or others. See *Ballman*, 226 Mich App at 169.

prohibited from renting property that lacks a rental permit, it would be absurd to conclude that § 842.06(c) was intended to create a private cause of action that would allow a tenant to recoup rent paid for a time period in which the tenant lived in the property in violation of § 842.04(a).[5] Instead, reading Chapter 842 as a whole, we conclude that § 842.06(c) is subject to enforcement by the City.[6] Consequently, in the absence of an express indication that a tenant has a private cause of action against a landlord, we will not infer such a cause of action from § 842.06(c).

In sum, while a landlord is required to obtain a permit, this is a public duty and any authority to seek redress for a landlord's failure to obtain a permit rests with the City.[7] Consequently, plaintiff does not have a private cause of action against defendant, and the trial court properly granted summary disposition under MCR 2.116(A).

---

[5] A tenant is not without recourse against a landlord where there has been a violation of a duty. By statute and under the common law, there are duties a landlord owes a tenant in terms of habitability, including those duties set forth in MCL 554.139, and a tenant may file suit to seek redress for a violation of these duties, see, e.g., *Hadden v McDermitt Apartments, LLC*, 287 Mich App 124, 128; 782 NW2d 800 (2010). However, we do not read § 842.06(c) as creating a cause of action for recoupment of rent, regardless of the condition of the property, simply because a landlord lacked a rental permit. If the city commissioners intended to create such a windfall for tenants, they easily could have expressed such intent.

[6] It is true that § 842.06(c) does not mention enforcement by "the City," but express reference to the City was unnecessary when, as we have discussed, Chapter 842 as a whole contemplates enforcement by the City against landlords and tenants. See generally § 842.06; § 842.12; § 842.99.

[7] Plaintiff complains that the City's enforcement provisions are not entirely clear because Chapter 842 does not include a mandatory restitution provision requiring the City to return any rent recouped to the tenant. We agree that Chapter 842, and § 842.06(c) in particular, is not a model of clarity. For example, it is unclear what the City should do with the funds recouped (i.e., whether the City may keep the funds or must return them to a tenant), whether § 842.06(c) applies to the entire period for which a permit is lacking or only "the period" after a notice to vacate is given under § 842.06, and whether the recouped rent is part of, or in addition to, the hefty fines applicable for failing to obtain a permit, § 842.99(e). However, these issues are not before us, and we offer no opinions on the procedures available to the City under § 842.06(c). On appeal, plaintiff also asks us to determine whether the City has the authority to enact a private right of action for tenants against landlords for the recoupment of rent when the landlord failed to obtain a rental permit. Having determined that the City did not attempt to create such an ordinance, we need not determine whether the City had the authority to do so. Cf. *Bivens v Grand Rapids*, 443 Mich 391, 396; 505 NW2d 239 (1993).

Affirmed.

/s/ Jane E. Markey
/s/ Joel P. Hoekstra
/s/ Amy Ronayne Krause