*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

GASPER RANDAZZO and
NICOLE RANDAZZO,

UNPUBLISHED
November 12, 2020

　　　　　Appellees,

v

No. 348559
Huron Circuit Court

LAKE TOWNSHIP,

LC No. 18-105562-AA

　　　　　Appellant.

Before: BOONSTRA, P.J., and CAVANAGH and BORRELLO, JJ.

PER CURIAM.

Appellant, Lake Township (the Township), appeals by leave granted[1] the trial court's order reversing the decision of the Lake Township Zoning Board of Appeals (ZBA) denying a variance request of appellees, Gasper and Nicole Randazzo. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Appellees filed with the Township a Land Use Permit Application for an addition to their single-family residence located on Port Austin Road in Caseville, Michigan. On February 14, 2018, the Township's Zoning Administrator denied appellees' permit application based on two purported violations of the Zoning Ordinance: § 1310 (Extensions of Nonconforming Buildings) and § 705.4(A) (Maximum Building Height).

On February 28, 2018, appellees filed an Application for Appeal, Variance or Exception with the ZBA. Appellees attached a letter with their application in which they stated that the proposed improvement to the house would add an additional level that would include a master bedroom, bathroom, and closet. The ZBA held a public hearing regarding appellees' appeal and

---

[1] *Randazzo v Lake Township*, unpublished order of the Court of Appeals, entered August 30, 2019 (No. 348559).

variance request. At the hearing, appellees pointed out that the current structure had a preexisting nonconformity regarding the setback requirements because it was only 8.3 feet away from the road, and argued that the proposed improvements would not increase the nonconformity of the home under § 1310 of the Zoning Ordinance. Appellees also argued that the proposed improvements would not violate § 705.4 of the Zoning Ordinance because the highest point of the building after improvement would be only 23 feet.[2]

The ZBA denied appellees' appeal, stating that an "[a]dditional story going straight up from existing nonconforming roadside is considered increasing the nonconformity. Current ordinance does not allow third story in R-1."[3] The ZBA did not address the variance standards, which are set forth in § 303.7(B) of the Zoning Ordinance, either on the record or in its decision.

Appellees appealed the ZBA's decision to the trial court on July 24, 2018, arguing that the ZBA had misinterpreted and misapplied the Zoning Ordinance. Appellees argued that the ZBA had erred when it denied their appeal because the proposed improvements complied with § 705.4 of the Zoning Ordinance and did not increase the structure's legal nonconformity based on the setback from the road. The Township argued that the ZBA had correctly applied the Zoning Ordinance therefore had properly denied the variance request. The trial court entered an order reversing the ZBA's decision and granting appellees' variance request. The court concluded that the ZBA's denial did not comply with the Zoning Ordinance because the ZBA has misinterpreted § 704.5 of the Zoning Ordinance to prohibit a third story regardless of whether the total height limit was exceeded. The trial court also concluded that the ZBA erred when it interpreted and applied § 1310 of the Zoning Ordinance because the proposed project did not further encroach on the nonconforming setback.

This appeal followed. On appeal, the Township expressly does not challenge the trial court's interpretation of § 704.5 or its conclusion that the proposed improvements do not violate that section of the Zoning Ordinance; rather, it argues only that the trial court erred in its interpretation and application of § 1310.

## II. STANDARD OF REVIEW

Under MCL 125.3606(1), the trial court was required to review the ZBA's decision to determine, based on the ZBA record, whether the decision (a) complied with the constitution and laws of the state, (b) was based upon proper procedure, (c) was supported by competent, material, and substantial evidence on the record, and (d) represented the reasonable exercise of discretion granted by law to the zoning board of appeals.

---

[2] § 705.4 of the Zoning Ordinance sets the maximum building height of a residential unit as "thirty-five feet (35') or two (2) stories in height above the average grade of adjacent properties."

[3] The record reflects that the parties have disagreed about whether the proposed addition would be that of a second story or a third story. Appellees describe the home (pre-addition) as a "one-story ranch with a walk-out basement." As we will describe, however, that issue is not before us on appeal.

> "Substantial evidence" is evidence that a reasonable person would accept as sufficient to support a conclusion. While this requires more than a scintilla of evidence, it may be substantially less than a preponderance. Under the substantial-evidence test, the circuit court's review is not de novo and the court is not permitted to draw its own conclusions from the evidence presented to the administrative body. Courts must give deference to an agency's findings of fact. When there is substantial evidence, a reviewing court must not substitute its discretion for that of the administrative tribunal even if the court might have reached a different result. A court may not set aside findings merely because alternative findings also could have been supported by substantial evidence on the record. [*Edw C Levy Co v Marine City Zoning Bd of Appeals*, 293 Mich App 333, 340-341; 810 NW2d 621 (2011) (quotation marks and citation omitted).]

A circuit court's decision in an appeal from a decision of a zoning board of appeals is reviewed "de novo to determine whether the circuit court applied the correct legal principles and whether it misapprehended or grossly misapplied the substantial evidence test to the [ZBA's] factual findings." *Olsen v Chikaming Twp*, 325 Mich App 170, 180; 924 NW2d 889 (2018) (alteration in original, quotation marks and citation omitted). We review for clear error the circuit court's factual findings in determining whether the circuit court correctly applied the substantial evidence test. *Hughes v Almena Twp*, 284 Mich App 50, 60; 771 NW2d 453 (2009). "A finding is clearly erroneous if the reviewing court, on the whole record, is left with the definite and firm conviction that a mistake has been made." *Id*.

We review de novo issues involving the construction of statutes and ordinances. *Id*.

## III. ANALYSIS

The Township argues that the trial court erred when it interpreted the plain language of § 1310 of the Zoning Ordinance and reversed the ZBA's denial of the variance. We disagree.

> The rules applicable to statutory construction apply to the construction of ordinances as well. The primary goal of statutory interpretation and, by implication, the interpretation of ordinances, is to give effect to the intent of the legislative body. The first criterion in determining intent is the specific language used by the legislative body in the statute or ordinance. If the plain and ordinary language is clear, then judicial construction is normally neither necessary nor permitted. However, the court may refer to dictionary definitions when appropriate when ascertaining the precise meaning of a particular term. [*Ballman v Borges*, 226 Mich App 166, 167-168; 572 NW2d 47 (1997).]

"When the words used in a statute or an ordinance are clear and unambiguous, they express the intent of the legislative body and must be enforced as written." *Sau-Tuk Indus, Inc v Allegan Co*, 316 Mich App 122, 137; 892 NW2d 33 (2016).

Section 1310 of the Zoning Ordinance provides:

No non-conforming building or structure may be enlarged or altered *in a way that increases its nonconformity*, except where the nonconforming setback of a building or structure is not less than one-half (½) of the distance required by this Ordinance. In such case, the nonconforming setback may be extended along the same plane up to fifteen (15') feet in length. In no case shall the setback be further reduced. Only one nonconforming extension of up to fifteen (15') feet is permitted. [Emphasis added.]

The Zoning Ordinance defines a "non-conforming building" as "[a] building or portion thereof lawfully existing at the effective date of this zoning ordinance, or amendments thereto, and which does not conform to the provisions (e.g., setbacks, height, lot coverage, parking) of this zoning ordinance in the zoning district in which it is located." See Zoning Ordinance, § 202. The Zoning Ordinance does not define "enlarge" or "alter." *Merriam-Webster's Collegiate Dictionary* (11th ed) defines "enlarge" as "to make larger." *Merriam-Webster's Collegiate Dictionary* (11th ed) defines "alter" as "to make different without changing into something else."

The nonconformity at issue in this appeal is the setback requirement of the building. Section 705.2(A) requires that "[e]ach front yard shall be a minimum of twenty-five (25') feet from road right-of-way." Zoning Ordinance, § 705.2(A). The Zoning Ordinance defines "setback" as "[t]he minimum horizontal distance required to exist between a structure (overhangs) and the property lines." Zoning Ordinance, § 202. It is undisputed that the residence is an existing nonconforming building with respect to its setback, being set back only 8.3 feet from the road.

The Township argues that it was intent of the drafters of § 1310 to "prohibit *any expansion or alteration* of a nonconforming structure with less than ½ of the required setback distance." However, the plain language of the ordinance provides that "[n]o conforming building or structure may be enlarged or altered in a way that *increases* its nonconformity." Zoning Ordinance, § 1310 (emphasis added). "When the words used in a statute or an ordinance are clear and unambiguous, they express the intent of the legislative body and must be enforced as written." *Sau-Tuk Indus, Inc*, 316 Mich App at 137. In this case, the ZBA's interpretation of § 1310 was contrary to the unambiguous language of § 1310.

The proposed improvements to the property would not further decrease the setback, or, in other terms, enlarge or alter the nonconformity of the setback. Moreover, because the Township has elected not to challenge the trial court's findings concerning the height requirement, there is no basis for concluding that the proposed improvements would result in a vertical nonconformity by exceeding the height requirement of § 705.4. The ZBA's finding was therefore not supported by competent, material, and substantial evidence because there was no evidence that any nonconformity would be enlarged or altered; in simple terms, the building would be just as nonconforming after the improvements as it was before. Although the Township argues that the proposed improvement would result in "more of the building being located within the nonconforming setback(s)," they have not provided any authority for the proposition that this constitutes an enlargement or alteration of the nonconformity *itself*. As noted, the trial court determined that the vertical expansion would not violate the height requirements of the Zoning Ordinance, and the Township has not appealed that decision. Moreover, the structure will fail to conform to the setback requirements in exactly the same way both before and after the improvements; there is nothing in the language of the ordinances governing or defining setbacks

that addresses height or total square footage of a building within an encroachment. See Zoning Ordinance, § § 705.2(A), 202. Therefore, the trial court did not err when it determined that the ZBA misinterpreted § 1310 and reversed the ZBA's decision.

The Township also argues that the trial court erred because, in its decision, it considered the "harmony" of the area rather than merely interpreting the language of the relevant ordinances. We find this argument unpersuasive. While the trial court mentioned "harmony," its decision was based on the language of the ordinance itself. Notably, § 705.4(A) of the Zoning Ordinance specifically states that "site plan review will take into consideration existing structures on adjacent properties in order to maintain harmony." Zoning Ordinance, § 705.4, 7-5. The Township also complains that the trial court based its decision on photographs attached to appellees' brief below; however, the record does not indicate that the trial court relied on the photographs. In any event, the trial court's interpretation was well-grounded in the plain language of the ordinances at issue.

We note that the ZBA and the trial court refer to appellees' appeal of the denial of the land use permit as a request for a variance; however, a variance request is not required when the project complies with the Zoning Ordinance. See Zoning Ordinance, § 307 (stating that a land use permit will not be issued "unless the request is in conformance with the provisions of [the Zoning] Ordinance or amendment adopted from time to time after the effective date of this Ordinance."). Although the trial court employed the terminology of reversing the ZBA's denial of appellees' "variance request" and of granting appellees "variance request," the trial court actually held that the ZBA's stated reasons for denying appellees' application for a land use permit were erroneous. With that clarification, we affirm the trial court's interpretation and application of the Zoning Ordinance.

Affirmed.

/s/ Mark T. Boonstra
/s/ Mark J. Cavanagh
/s/ Stephen L. Borrello